CLARK *v.* HOWELL.

1. Under the statute (R. S., p. 540, § 14), where a plaintiff in replevin suffers a voluntary dismissal or nonsuit, and judgment of *retorno habendo* is awarded, the defendant in an action on the replevin bond cannot show property in the plaintiff in replevin, either in mitigation, or in bar of the action.

2. In pleading the defenses provided by the statute, in an action on a replevin bond, the plea should regularly negative the exception, but the defect may be cured by replying the exception.

*Appeal from District Court of Boulder County.*

DEBT on a replevin bond. Clark, the defendant below, pleaded, among other defenses, "that judgment in the suit of replevin was rendered on motion to quash the writ, and that the merits of the case were not determined therein, and that the goods and chattels mentioned in said bond and declaration were at the time of replevy the goods and chattels of the said Baker Silver Mining Co., the plaintiffs in replevin, and not those of Charles P. Chedsy."

To this plea the plaintiff replied that the plaintiffs in the replevin "voluntarily dismissed their suit," and the defendant rejoined, denying the voluntary dismissal.

The cause was tried without the intervention of a jury, and the court, after finding for the plaintiff in the sum of $800, the penalty of the bond, rendered judgment against the defendant in $200 damages. . Exception was duly reserved to the finding and judgment, and to reverse this judgment the defendant prosecutes this appeal.

Messrs. H. M. & W. TELLER, for appellant.

Mr. ALPHEUS WRIGHT, for appellee.

STONE, J. Action of debt by appellee on replevin bond, in which appellant was a surety. Breaches assigned are a failure to prosecute with effect, and to make return of the property as awarded in the judgment of *retorno habendo.*

The principal error complained of is, that the court awarded more than nominal damages, when evidence was received which proved that the principal obligor — the plaintiff in replevin — had never parted with the title to the property, although Chedsey, the defendant in replevin, had purchased the property (five head of oxen) from one having it in possession, and exercising acts of ownership over it.

The latter clause of section 14 of the replevin act, R. S. 540, creates an estoppel against the defendant in a suit on the bond, setting up title in the plaintiff in replevin, where such plaintiff has suffered voluntary dismissal or nonsuit. The section is as follows : " In any action upon any bond, given as required by the provisions of this chapter, where the merits of the case have not been determined in the action of replevin in which such bond was given, the defendant may plead such fact, and also their title, or the title of any one or more of them to the property in dispute in such action of replevin, *except in cases where the plaintiff, in such action of replevin, shall have voluntarily dismissed his suit, or submitted to a nonsuit therein.*"

This section in its entirety is an exception to the common-law rule, but taking the place of the common law it becomes our rule, the last clause being an exception itself to the statutory rule.

The law then, as limited by this statute, undoubtedly is, that where a plaintiff in replevin suffers a voluntary dismissal or nonsuit, and judgment of *retorno habendo* is awarded, in a suit on the replevin bond, the defendant cannot in bar of the action, or in mitigation of damages, show property in the plaintiff in replevin. The plea contemplated by section 14 of the replevin act is single, and the replication that the plaintiff in the replevin suit voluntarily dismissed the suit, went to the entire plea. Regularly the plea should have excluded the exception made by the statute, but the plaintiff having replied the exception the same result was reached. The rejoinder to this replication presented the issue : was there a voluntary dismissal of the replevin suit ?

The record, after showing that there was a motion to quash the writ of replevin, which was met by a cross motion of plaintiff in replevin for leave to amend, recites as follows: "Thereupon it is ordered by the court that the plaintiff have leave to amend the said writ, by paying costs of this term in this suit. Whereupon the plaintiff not amending, but consented to a nonsuit. Thereupon it is ordered by the court that a writ of *retorno habendo* be awarded against the plaintiff," etc.

The record evidence, that the plaintiff in replevin "consented to a nonsuit," sufficiently supported the replication of "voluntary dismissal."

Evidence, therefore, of property in the defendant's principal obligor (the plaintiff in replevin) was inadmissible, and, although received, was properly disregarded by the judge who tried the case, without the intervention of a jury. The finding and judgment of the court was fully supported by all the evidence entitled to be considered.

This disposes of all the errors assigned, and the judgment must be affirmed.

*Affirmed.*