Imel et al. v. Van Deren, for the use of, etc.

1. The several conditions required by the statute to be inserted in a replevin bond are to be treated as separate and independent.
2. The object and purposes of a replevin bond are to indemnify the officer who executes the replevin writ, and to indemnify the defendant or person from whose custody the property is taken, for such damages as he may sustain.
3. When the defendant in replevin is an officer who has acquired a special interest in, or title to, the property replevied, by virtue of a writ of attachment against the owner, he is entitled to retain custody of the property until the demand is satisfied. But in the absence of an order awarding the property to his custody, he must affirmatively show, in an action on the bond, that the demand has not been satisfied, otherwise it will not appear how or to what extent he has been damnified.

*Appeal from District Court of Gilpin County.*

The facts are stated in the opinion.

Mr. L. C. ROCKWELL, for appellants.

Mr. H. M. ORAHOOD and Mr. W. C. FULLERTON, for appellee.

BECK, C. J.    This was an action upon a replevin bond, and having been instituted before the adoption of the Code of Civil Procedure, is to be determined according to the former practice, and the statute then in force.

The bond was conditioned as required by section 6 of the chapter on replevin, in Revised Statutes, 1868, p. 538. The required conditions are, "to prosecute such suit with effect, and without delay, and make return of the property, if return thereof be awarded, and to pay all damages which may be adjudged against him for the detention thereof, and to save and keep harmless such officer in replevying such property."

Section 8 of this chapter provides: "If at any time the condition of any such bond, as required by section 6, be broken, the officer to whom such bond was executed, or the defendant in the action of replevin, in the name of such officer, to his own use, may maintain an action on such bond, for the recovery of such damages as may have been sustained by reason of the breach of such condition."

Section 14 provides that in an action upon a replevin bond, where the merits of the case have not been determined in the action of replevin, the defendant may plead such fact, and also his title to the property in dispute in the replevin suit, "except in cases where the plaintiff in such action of replevin shall have voluntarily dismissed his suit or submitted to a non-suit therein."

The pleadings consist of declaration, pleas, replication and rejoinder, but it is only necessary to consider such of the averments of the respective pleadings as are involved in the issues.

The substance of the allegations on the part of the plaintiff is, that defendant Imel had instituted an action of replevin against said Jones, for the recovery of certain

goods and chattels alleged to belong to Imel, which Jones was then holding as constable, by virtue of a writ of attachment issued by a justice of the peace, in the case of *Morgan v. Slavens and Stevens*, and which Jones had seized as the property of said Slavens and Stevens. That said Imel, together with the defendant Huber, as surety, executed to the plaintiff Van Deren, as sheriff, the bond in question, which was conditioned as required by statute. That said sheriff thereupon took said property from the possession of Constable Jones, and delivered it to Imel, who thereafter dismissed his replevin suit at his own costs.

The breach of the bond assigned is, that Imel failed to prosecute his replevin suit with effect, and failed and refused to return the property replevied.

The pleadings on the part of the defendants, though inartificial in form, are to the effect that the property attached consisted of two horses, harness for the same, and one wagon. That defendant Imel claimed to own the horses and harness, but that the question of the ownership thereof was, at the time of the institution of these suits, in controversy between said Imel and Slavens. Afterwards, and before the dismissal of the replevin suit, said controversy was settled by Slavens executing his promissory note to Imel in payment of said property, in the sum of $250.

Also, that the claim of Morgan, for which he had attached all the above mentioned property, amounted to the sum of $48.65, and that he took said wagon in full satisfaction of his claim and costs, leaving no lien or claim against the said horses and harness, and that thereupon the said Slavens and Jones agreed with said Imel, that if he would dismiss the replevin suit at his cost, no action should be brought upon the replevin bond, whereupon defendant dismissed said suit.

Plaintiff denied the allegation that Jones was a party to any agreement not to sue upon the replevin bond.

It is not controverted that there was a breach of that condition of the bond which required the replevin suit to be prosecuted to effect; but the substantial issue presented by the pleadings is, whether the plaintiff sustained any damages by reason of such breach.

A jury being waived, the court found the issues for the plaintiff, upon the trial, and assessed his damages at the sum of $319, for which sum judgment was entered. The question for our decision is, Were the findings and judgment of the district court warranted by the law and the evidence?

The plaintiff appears to have ignored the issue joined upon the pleadings, and to have relied wholly upon the aforesaid breach of the condition of the bond, and upon the fact that defendant Imel had voluntarily dismissed his replevin suit.

After introducing in evidence the replevin bond, the motion and order of dismissal, and proving by Constable Jones that the horses and harness were taken from his possession by Sheriff Van Deren, and that their value was the sum of $220, the plaintiff rested. Thereupon defendants moved for a non-suit, which motion was denied; when the defendants introduced their testimony.

In considering the questions arising as to the correctness of the rulings and judgment of the court, it must be borne in mind that the only condition of the bond broken was the condition to prosecute the suit to effect. No return of the property was awarded, hence there was no breach of the condition to "*make return of said property, if return thereof shall be awarded.*"

Nor was there a breach of the condition "*to save and keep harmless the said A. J. Van Deren in replevying said property,*" since no such breach was either alleged or proven.

The several conditions required by the statute to be inserted in the bond are to be treated as separate and

independent. 2 Sutherland on Damages, p. 42; *Humphrey v. Taggart*, 38 Ill. 228.

The only question arising upon the pleadings and the law is the question of the amount of damages sustained by reason of the failure to prosecute the replevin suit to effect.

As we have seen, section 8 of the act provides that the officer to whom the bond was executed (Sheriff Van Deren in this case), or the defendant in the action of replevin (Jones, the present plaintiff), in the name of such officer, to his own use, may recover such damages as have been sustained.

This action, then, is brought for the use of the constable who had executed Morgan's attachment writ, and it is the damages accruing to him that form the subject of inquiry.

The pleadings concede that this plaintiff was not the owner of the property, and that his only claim thereto was possession under his writ. He volunteered the statement, when being examined as a witness for the defendants, that he held *three writs;* but this statement has nothing to do with the case, for the reasons that no mention is made of such fact in the pleadings, and no damages claimed save those growing out of the attachment proceeding of *Morgan v. Slavens and Stevens.* Upon the record before us, it must be held that the extent of the plaintiff's special interest in the property in question, at any time, was its custody, to answer any judgment which might be recovered in said attachment suit.

But the point is made by counsel for said Jones, that he was entitled to a judgment for the full value of the property replevied, for the reason that Imel, having voluntarily dismissed his replevin suit, was estopped by section 14 of the replevin act from setting up in this action, on the bond, either his title to the property or that the merits of the replevin suit had not been determined.

Counsel say this action, and the ruling of this court in *Clark v. Howell*, 3 Colo. 564, seem to leave nothing further to be said.

The defense in *Clark v. Howell* was essentially different from the defense in this case. There was a voluntary dismissal of the replevin suit in that case, and a judgment for the return of the property. The only defense set up to the action on the bond was that the merits of the replevin suit had not been determined, and that the plaintiff in that action was the owner of the property replevied.

This court held that the case came within the exception named in section 14, and that the matters pleaded constituted no defense; "that where a plaintiff in replevin suffers a voluntary dismissal or non-suit, and judgment of *retorno habendo* is awarded, in a suit on the replevin bond the defendant cannot, in bar of the action or in mitigation of damages, show property in the plaintiff in replevin."

That çase is clearly distinguishable from this in two important particulars: First, the defendants to the action on the bond in this case are not precluded from inquiring into the actual damages sustained by reason of a judgment against them to return the property to the custody of the plaintiff; secondly, the defense relied upon here is not that the plaintiff in the replevin suit was the owner of the property, but, substantially, that the property was released from the attachment writ, and that the plaintiff in replevin returned it to the true owner, paying all costs occasioned by the proceedings in replevin. The averment to the effect that Imel owned the property because, at the time of the institution of these suits, Slavens, the purchaser, had not paid him for it, may be treated as surplusage.

The above-mentioned defense is not barred by section 14, because it is in the nature of a satisfaction of the conditions of the bond. Had there been a trial of the

replevin suit and a judgment in favor of Jones for a return of the property, with damages for its detention and costs of suit, a performance by Imel of that judgment would have satisfied the replevin bond.

But, suppose Imel had only partially performed the judgment, that he had returned the property, but failed to pay the damages and costs, certainly, in an action upon the bond, Jones could not recover the value of the property, and the damages and costs also, for the reason that the condition of the bond respecting the property itself had been satisfied by its return.

In the present case, there being no judgment for a return of the property, it may be said that this condition of the bond stands satisfied. The only question that remains, therefore, is, what damages has the plaintiff sustained by failure of defendant Imel to prosecute his replevin suit to effect?

The objects and purposes of a replevin bond are to indemnify the officer who executes the replevin writ, and to indemnify the defendant or person from whose custody the property is taken for such damages as he may sustain. 2 Sutherland on Damages, p. 46; *Petrie v. Fisher,* 43 Ill. 442.

Where the defendant in replevin is an officer who has acquired a special interest in or title to the property replevied, by virtue of a writ of attachment against the owner, he is entitled to retain custody of the property until the demand is satisfied. But in the absence of an order awarding the property to his custody, he must affirmatively show, in an action on the bond, that the demand has not been satisfied, otherwise it will not appear how, nor to what extent, he has been damnified.

There was no such proof in this case. Jones, the plaintiff in the action on the bond, stated on the witness stand that the damage to him personally was nothing, and he neither stated nor attempted to prove that any damage accrued to him officially. The proof introduced

by the defendants, Imel and Huber, tends to show that the demand of Morgan, which amounted to the sum of $48.65, was satisfied by the appropriation by him of the wagon above mentioned, a part of the attached property.

Defendants offered to introduce in evidence the proceedings in the attachment case, but they were excluded upon the objection of the plaintiff. It appears, however, that no judgment had been rendered in the attachment case by the justice of the peace before whom the proceedings were instituted, although more than four years had elapsed since the suing out of the writ. The evidence also showed that Imel returned the property replevied to Slavens, who was the owner thereof, and that he paid all costs occasioned by the replevin proceedings.

Under the circumstances, we are of opinion that the judgment in this case, of $319, which exceeds the value of the property replevied by the sum of $99, according to the plaintiff's estimate of its value, was unauthorized. We fail to discover anything, in the case presented, that would warrant a judgment for more than nominal damages.

The judgment is reversed and the cause remanded.

*Reversed.*