HAMMOND V. SOLLIDAY, RECEIVER, ETC.

1. In replevin, the rightful possession being found in favor of the plaintiff, nominal damages may be awarded, without averment of special damage, for the wrongful detention, and without proof of actual injury.

2. Where there is neither averment in the pleadings nor evidence at the trial showing a change of ownership, or a change in the legal right to possession, after suit brought and before trial, the presumption obtains that the title or right of possession has undergone no such alteration.

3. The finding in plaintiff's favor of the right to possession shows that there has been an invasion of his right sufficient in law to uphold the award of nominal damages, even though the jury, in their verdict, do not expressly declare that the detention was wrongful.

4. If the possession of personal property which is incumbered by chattel mortgage remains with the mortgagor, a receiver appointed to take charge of the mortgagor's estate may have control thereof, subject to the mortgage lien.

5. If the possession of personal property has been taken by the mortgagee in pursuance of a default prior to the appointment of a receiver of the mortgagor's estate, the legal title is in the mortgagee for the purpose of subjecting the property to the payment of his debt, and the receiver cannot be authorized, even in a proceeding in court to which the mortgagee is a party, to molest the latter's possession, unless he first discharges the debt secured by the mortgage, or the mortgagee is guilty of misconduct, or there is some other very urgent necessity demanded by the interests of those for whom the receiver is acting.

*Appeal from District Court of Gunnison County.*

THE facts are stated in the opinion.

Messrs. HEIMS and BROWN, for appellant.

Messrs. THOMAS, McDOUGAL and THOMAS, for appellee.

HELM, J. The issue stated by the pleadings, and to which the evidence in this case was directed, required the jury in their verdict to find upon the following questions, viz.: The right to possession of the property in dispute at the commencement of the action, the value

thereof, and the amount of damages suffered through its wrongful detention. These questions they answered, determining such right of possession in favor of plaintiff, assessing his damages at one cent, and fixing the value of the property at $176.

It is true that no special damages were averred or proven by plaintiff, and for this reason no special damages could have been recovered. But upon a recovery on the main issue there need be no special averment or proof to sustain the awarding of nominal damages. "Nominal damages, at least, are awarded without proof of actual injury." Wells on Replevin, sec. 526 *et seq.*, and cases cited.

Objection is made to the verdict in this case because it found the right of possession in the plaintiff at the time of the commencement of the suit, and not at the date of the trial.

If a change of ownership, or a change in the legal right of possession, took place after suit brought, and before trial, such fact may materially affect the verdict and judgment. *Leonard v. Whitney*, 109 Mass. 265; *Cole, Adm'r, v. Conolly*, 16 Ala. 271, and cases cited; Wells on Replevin, sec. 589.

But it should be properly presented at the trial. And where, as in the case at bar, there is neither averment in the pleadings nor evidence tending to show any such change, in our opinion the presumption obtains that the title or right of possession has undergone no alteration since the suit was commenced. Under the circumstances here presented, the foregoing objection is not well taken.

The judgment is inartificially worded, but corresponds sufficiently with the verdict. The averment of the complaint relating to damages declares that the same were suffered by reason of the wrongful detention; no claim of injury from a wrongful or unlawful taking in the first instance is asserted. Hence, the nominal damages of one cent awarded by the jury must have been for the

detention. We do not think that in a case of this kind, where the jury find the right of possession in the plaintiff, and allow no special damages, their verdict need contain an express declaration to the effect that the detention was wrongful in order to sustain an award of nominal damages. The finding in plaintiff's favor shows that there has been an "invasion of his right" sufficient in law to uphold such an award. Wells on Replevin, sec. 526 *et seq.*

Our conclusion is, therefore, that the verdict was responsive to the issue presented in the pleadings and evidence, and that the judgment follows the verdict with sufficient accuracy. Entertaining these views, we must hold invalid the objections represented by the first three assignments of error.

But a more serious question arises under the fourth assignment, which relates to the charge of the court. The instructions given for plaintiff, particularly those numbered eight and nine, are evidently based upon an erroneous theory concerning a branch of the law involved. This was an action of replevin by a receiver against one holding possession of the property under a chattel mortgage. The jury are substantially told that the receiver is entitled to the possession of such property regardless of rights accruing to the mortgagee under his mortgage; and that while the latter retains his lien upon the property mortgaged, he must present his claim to the court for adjudication, and obtain satisfaction of his debt through the agency of the former.

The following question is thus presented for determination, viz.: Is a receiver entitled to the possession of personal property originally belonging to the estate in his hands, but which at the date of his appointment was, and still is, held by a mortgagee under a valid chattel mortgage given to secure a *bona fide* debt that has not been paid?

The proposition is now established beyond controversy,

that the appointment of a receiver does not divest a prior valid mortgage lien, or injuriously affect the same. But if the possession of personal property which is thus incumbered remains with the mortgagor, it would seem that the receiver may have control thereof subject to the lien of the mortgagee. High on Receivers, secs. 679, 672 *et seq.* See sec. 419.

Where, however, possession has been taken by the mortgagee in pursuance of a default prior to the receiver's appointment, we think a different rule should prevail.

No little conflict of opinion will be found in the cases as to the exact moment when a mortgagee of personal property becomes invested with the legal title thereto. But we are satisfied that in this state, when possession is lawfully taken by the mortgagee under his mortgage, the legal title is in him for the purpose of subjecting the property to the payment of his debt. For general discussions of this subject, see Jones on Chattel Mortgages, secs. 426, 699, 703; Herman on Chattel Mortgages, secs. 15, 96; *Conard v. Ins. Co.* 1 Pet. 386.

But such title carries with it to the mortgagee a right to possession, and the receiver cannot, ordinarily, interfere with the mortgagee's control when fortified by possession; unless he discharges the debt secured by the mortgage, or there is some very urgent necessity, growing out of the insolvency, or clear misconduct of the mortgagee, which jeopardizes the interests of those for whose benefit the receiver acts, the latter cannot be authorized, even in a proceeding in court to which the mortgagee is a party, to molest the former's possession. Jones on Chattel Mortgages, sec. 439; High on Receivers, secs. 419, 420, 467, 647, 679, 680; *Bayaud v. Fellows,* 28 Barb. 54; *Rapier v. Gulf City Paper Co.* 64 Ala. 330; *Thompson v. Diffenderfer,* 1 Md. Ch. 489; 1 Hilliard on Mortgages, 469.

It is probable that the verdict before us resulted from

the erroneous view of the law on this subject embodied in the charge to the jury.

The judgment must therefore be reversed. Reversed and remanded.

*Reversed.*