# SUPREME COURT

OF THE

## STATE OF COLORADO.

---

### JANUARY TERM, 1898.

---

[No. 3658.]

### THE BANK OF AKRON v. DOLE.

1. REPLEVIN—INSTRUCTIONS.

Where the defendant in a replevin suit claimed the property by purchase from the wife of a mortgagor as the owner, it was immaterial whether or not he had notice of the mortgage, and that the mortgage was not recorded. It was not erroneous to refuse instructions that contained a correct statement of the law relative to the failure of the mortgagee to take possession of the mortgaged property; and the giving of an erroneous instruction on the same question was error without prejudice, since the defendant was neither a purchaser from the mortgagor, nor had acquired a creditor's lien.

2. SAME—VERDICT.

The defendant in a replevin suit cannot complain because the verdict which was for plaintiff was only for the return of the property, and not also for the value of the property in case a return could not be had.

*Error to the Court of Appeals.*

Mr. T. B. STUART and Mr. CHAS. A. MURRAY, for plaintiff in error.

Mr. D. E. PARKS, for defendant in error.

MR. JUSTICE GODDARD delivered the opinion of the court.

This case is brought here by writ of error to a judgment of the court of appeals, reversing a judgment of the county court of Washington county. It appears from its opinion in 8 Colo. Ct. App. 127, that the court of appeals reversed the judgment of the county court because it refused to give certain instructions asked by defendant in error, who was defendant below, and gave an erroneous instruction asked for by plaintiff in error. To determine whether the court was justified in reversing the judgment of the court below because of these rulings, it is necessary to consider the facts in the case, which are in brief as follows:

On December 22, 1893, Phillip R. Diehl executed his note for $85.00 payable to the bank of Akron three months after date, with interest at two per cent per month. To secure this note he gave a chattel mortgage upon certain personal property, including one red cow and three heifer calves. This chattel mortgage was not recorded. John F. Dole, who held a note of Phillip R. Diehl, on August 28, 1894 (Diehl being then in Oregon), received from Mrs. Marion Diehl, his wife, together with other property as payment on his note, the cow and calves described in the chattel mortgage, and took from her the following bill of sale:

"August 28, 1894.

"This is to certify that I, the undersigned, have sold to John F. Dole, for value received, three yearling heifers, one red cow, one roan horse, one sow, thirty-two chickens, and four turkeys, all of which are clear of any incumbrance whatever. It is my property.

"(Signed)          MRS. MARION DIEHL."

Instructions 11 and 12, which were refused, were as to the effect of a failure by the mortgagee to take possession of the mortgaged property upon maturity of the chattel mort-

gage; and are correct statements of the law upon this sub-
ject, yet it does not follow that the court erred in refusing
them.   The chattel mortgage, though long past due, was
good as between the mortgagor and mortgagee, notwithstand-
ing the mortgagee had failed to take possession of the prop-
erty; and was void only as to the creditors of the mortgagor
who should seek to subject the mortgaged property to the
payment of their claims; and as to subsequent purchasers in
good faith.   Unless, therefore, under the evidence, Dole was
such purchaser, he was not in a position to invoke the appli-
cation of the rule announced in these instructions.   He pred-
icates his right to the property as shown by the bill of sale,
upon a purchase from Mrs. Diehl as the owner; and does
not claim, nor is there any evidence tending to show that
the property was sold and delivered to him by Mrs. Diehl
as the agent of her husband.   But, on the other hand, Dole
insists throughout his testimony, that Mrs. Diehl, in giving
the bill of sale, represented herself as the owner of the prop-
erty.   The statement in the opinion of the court of appeals,
that she sold and delivered the property in question to de-
fendant in error, as the agent of her husband, is not war-
ranted by any evidence in the case.   The instructions referred
to were therefore inapplicable to the facts in the case, and
the court below committed no error in refusing to give them.

We agree with the court of appeals that instruction No. 7,
given upon request of plaintiff, was erroneous; and yet for
the reasons above given, it was error without prejudice.
Since Dole was not a purchaser of the property from the
mortgagor, his want of knowledge of the existence of the
mortgage was immaterial, as he acquired no interest that he
can assert against the prior lien of the bank.   Nor can we
agree with the statement that the verdict was insufficient
as a basis for a judgment, and that the judgment based
thereon was void.   Section 201 of Mills' Code provides that:
" In an action for the recovery of specific personal property,
if the property has not been delivered to the plaintiff * *.*.
the jury, if their verdict be in favor of the plaintiff * * *

shall find the value of the property; (but failure to find all of the facts mentioned in this section shall not invalidate the verdict)."

The verdict in this case is in favor of plaintiff; and while it omits to find the value of the property, this omission in no way prejudices the rights of defendant, and he cannot complain because the judgment is only for the return of the property, and not also for the value, in case a return cannot be had. We think, therefore, the court of appeals erred in reversing the judgment of the county court.

Another assignment of error in the court of appeals, but one upon which that court did not pass, is predicated upon the refusal of the county court to grant a change of venue, on the application of defendant. The reason assigned for such change is the prejudice of the judge. The ground alleged to show such prejudice is that the judge, on various occasions, abused the defendant. The language used, or the circumstances under which it was used, are not stated. The petition, therefore, fails to set forth any facts that will enable us to judge of the truth or falsity of the charge, or determine whether the court abused its discretion in denying the application. Furthermore, the cause was tried to a jury, and we find no ruling on the part of the court that indicates any bias or prejudice against the defendant.

For the foregoing reasons the judgment of the court of appeals is reversed, and the cause remanded, with directions to affirm the judgment of the county court.

*Reversed.*