[No. 1313.]

GALLUP v. WORTMANN ET AL.

1. APPELLATE PRACTICE—PLEADING.

Where a case is tried in all respects as though the answer was sufficient as a general denial to put in issue the allegations of the complaint, without objection in the lower court, an objection to the form of the answer raised for the first time on appeal will not be considered.

2. REPLEVIN—RETURN OF PROPERTY—JUDGMENT—JURISDICTION—RETURN OF OFFICER.

In a replevin suit the jurisdiction of the court over the property does not attach until the officer has taken possession under the writ, and where the return of the officer on the writ shows that he never took possession of the property but left it in the possession of the defendant, a judgment which orders the return of the property by the plaintiff to the defendant is without jurisdiction and void.

3. REPLEVIN—JUDGMENT—PLEADING.

Under sections 182 and 207 of the code of 1877, to authorize a judgment in a replevin suit, for the return of the property to the defendant or for its value, or for damage for its detention, the return and the damages must be claimed in the answer. And where the answer did not claim a return of the property or damage for its detention

a judgment for its return and for damages for its detention was
unwarranted and must be regarded as void.

4. REPLEVIN BOND—ACTION UPON—BURDEN OF PROOF.

In an action upon a replevin bond the burden is upon the plaintiff to
allege and prove the facts showing the failure of the principal in
the bond to perform the judgment of the court.

*Appeal from the District Court of Arapahoe County.*

Mr. S. A. OSBORN and Mr. HENRY B. O'REILLY, for appel-
lant.

Messrs. C. E. & F. HERRINGTON, for appellees.

THOMSON, P. J., delivered the opinion of the court.

On the 25th day of April, 1883, Raymond Kaltenbach
brought his action in replevin in the superior court of the
city of Denver, against Walter B. and Jane Von Richtofen,
to recover the possession of an organ, or orchestrion.  In
accordance with the provisions and requirements of the stat-
ute, the plaintiff filed with the clerk of the court a written
undertaking, executed by J. Lichter, J. H. Becker and H.
Wortmann, as sureties, whereby they bound themselves in
the sum of $6,000, in consideration of the delivery of the
property to the plaintiff, for the prosecution of the action
without delay, and with effect; for the return of the property
to the defendants, if return thereof should be adjudged; and
for the payment to the defendants of such sum of money as
should from any cause, be recovered against the plaintiff.
A writ of replevin was thereupon issued to the sheriff, com-
manding him to take the property from the defendants, and
safely keep the same in his custody, and deliver the same to
the plaintiff within forty-eight hours after taking it, and
serving the writ, unless the defendants should give him the
security required by law, in which case the property should
be delivered to the defendants.   Upon this writ the follow-
ing return was made:

"STATE OF COLORADO, } ss.
COUNTY OF ARAPAHOE, }

"I have duly executed the within writ this 26th day of April. A. D. 1883, by delivering a true copy of the within to the within named defendants Walter B. Von Richtofen and Jane Von Richtofen, at Denver and the county aforesaid, also by replevin an organ at the place called San Souci park, which property I allowed to remain there, as agreed upon by the plaintiff, until said case is disposed of in court.

"M. SPANGLER, *Sheriff*,
by WM. WISE, *Deputy.*"

The defendants answered the complaint, alleging title in Jane Von Richtofen, but not claiming a return of the property. Upon the trial of the cause, on the 27th day of October, 1883, the court found that Jane Von Richtofen was the owner of the orchestrion, and entitled to its possession; that its value at the commencement of the action was $3,000; that she was entitled to its return, and had been damaged by the loss of its use in the sum of $208; and entered an order that Kaltenbach return the property to her in twenty days, or on his failure to so return it, that she have judgment against him for its value, $3,000. Judgment was also rendered in her favor for her damages and for her costs.

On the 6th day of April, 1887, Walter Von Richtofen and Jane Von Richtofen assigned all their right, title and interest in the undertaking to Charlotte R. Gallup, who, on the 15th day of August, 1888, instituted this suit upon it against the sureties who executed it.

The complaint set forth the undertaking, its assignment to the plaintiff, and the judgment rendered against Kaltenbach; alleged the seizure of the orchestrion by the sheriff, and its delivery to Kaltenbach; and further alleged that Kaltenbach did not make return of the property to Jane Von Richtofen, or pay the plaintiff any part of the value thereof, and did not pay any part of the damages adjudged against him, or of the costs.

The answer consisted, first, of a denial of the complaint in these words: "They deny, generally and specifically, each and every allegation in said complaint." We give the denial in full, because we shall have occasion to advert to it hereafter. The answer then alleged a tender of the orchestrion to Jane Von Richtofen, and her refusal to receive it; and set forth the record of an action, commenced and concluded prior to the institution of this suit, by this plaintiff against these defendants, upon this same undertaking, in which, on demurrer to the complaint, final judgment was given in favor of the defendants; alleging that the judgment had not been appealed from, and still remained in full force and effect. The plaintiff replied, and a trial of the cause resulted in a judgment for the defendants, from which the plaintiff prosecuted error to this court.

The only question then considered by us was whether the former judgment was a bar to this suit; and we held that it was not, because the complaint in the first suit failed to allege any transfer of the undertaking to the plaintiff; and because, as the complaint showed no assignment to her, and therefore, no right of action in her, the matters in issue in this suit were not determined in that. *Gallup v. Lichter*, 4 Colo. App. 296. The judgment was reversed by us solely upon that ground, so that the cause returned to the lower court for trial upon the other issues in the case. Such trial was accordingly had, and judgment given for the defendants, and the case is now here on appeal by this plaintiff from that judgment.

An objection is made to the denial contained in the answer, which it will be well to dispose of before proceeding further. Counsel contend that it was neither a general denial, nor a special denial, within the meaning of the code, and consequently did not put in issue the allegations of the complaint. We do not undertake to say that counsel are at fault in this position; but the case was conducted throughout, by both parties, and was tried, on the hypothesis that the allegations of the complaint were put in issue in due and proper form. No evidence of tender was offered, and after our former deci-

sion, outside a possible question of tender, except upon the issues made by the denial, there was nothing for trial. Accordingly the entire evidence for the plaintiff was directed to sustaining the allegations of her complaint, and the entire evidence for the defendants was directed to disproving them. Now, since the case has come here, for the first time in its whole history, and after all opportunity for amendment is gone, objection is taken to the form of the denial. The objection cannot be considered. The point should have been made below, and not having been made it was waived. *Cave v. Crafts*, 53 Cal. 135 ; *Edmonson v. Phillips*, 73 Mo. 57.

The position of counsel for plaintiff that this court, by its former decision in the cause, restricted the defendants in respect to any defense, except that of *res judicata*, which they might see fit to make, within the affirmations or negations of their answer, is not well taken. We simply held that the plea of former recovery was not sustained by the evidence, and, as to all other issues, left the parties entirely free.

It does not appear that the property was ever taken from the possession of the defendants. The return of the officer does not show that it ever was, but tends very strongly to show that he left its situation unchanged, and that if it was in the replevin defendants' possession, it remained there. The writ commanded the sheriff to take the property from the defendants, and keep it safely in his custody, and deliver it to the plaintiff within forty-eight hours, unless the defendants should give security that it should be forthcoming. The return does not show that the officer obeyed the commands of the writ in any particular. He allowed the property to remain where he found it. Presumptively he found it in the defendants' possession ; and as he left it where he found it, he left it in their possession. Outside of the return, the court admitted evidence that the officer did not, in fact, take the property ; and the point is made that as the consideration of the undertaking was the delivery of the property to the plaintiff, if it was not so delivered, there was a failure of consideration. Ordinarily failure of consideration

is a good defense to an action on a contract; but disregarding the testimony on the subject, we shall, in discussing the questions involved, confine ourselves to what appears on the face of the record in the replevin suit. Counsel for the plaintiff contend, that these defendants are concluded by the judgment against their principal in that action; and that as the judgment ordered a return of the property by Kaltenbach to Jane Von Richtofen, they cannot be heard to say that it was not delivered to Kaltenbach. In *Cox v. Sargent*, 10 Colo. App. 1, we held that a judgment in a replevin suit, which is unappealed from and in force, is conclusive against the obligors in the undertaking, and that they may not attack it for irregularities in the commencement or continuance of the suit, or in the judgment itself. We think this doctrine unassailable. But the decision supposed a judgment which is valid on the face of the record. A judgment is not invalidated by mere irregularities in the proceeding, and it is where no vital objection can be raised to the judgment, that it concludes the sureties on the replevin bond. Now an inspection of the record in the action brought by Kaltenbach discloses a vice in the judgment which is not properly describable as an irregularity. Waiving the question whether the mere ordering of Kaltenbach to return the property within a specified time, was a judgment at all within the meaning of the law, we do not find that the court had any authority to render either a judgment for the return of the property, or for its value, or for damages for its detention.

First, before a court can render a judgment affecting person or property, the person or the property must be within its jurisdiction. In replevin the property does not come within the jurisdiction of the court until it is taken into the possession of the officer executing the writ. If he does not find it, or having found it, does not take it, the court acquires no jurisdiction over it, and can make no valid order concerning it; and whether it has come into the possession of the sheriff so as to be within the jurisdiction of the court, must appear from his return upon the writ. It does not appear from the

sheriff's return that this property ever was in his possession. To the contrary, it appears that he left it undisturbed where he found it; and if it was without the jurisdiction of the court, a judgment for its return was void.

Second, the code of procedure in force at the time, provided as follows: "In an action for the recovery of specific personal property, if the property has not been delivered to the plaintiff, or the defendant by his answer claim a return thereof, the jury if their verdict be in favor of the plaintiff, or, if being in favor of the defendant, they also find that he is entitled to a return thereof, shall find the value of the property; and may at the same time assess the damages, if any are claimed, in the complaint or answer, which the prevailing party has sustained by reason of the taking or detention of the property." "In an action to recover the possession of personal property, judgment may be for the possession, or the value thereof in case a delivery cannot be had, and damages for the detention. If the property has been delivered to the plaintiff, and the defendant claim a return thereof, judgment may be for a return of the property, or the value thereof, in case a return cannot be had, and damages for taking and withholding the same." Secs. 182, 207, Code of 1877. It is clear from the foregoing sections that to authorize either verdict or judgment for the return of the property to the defendant in replevin, or for its value, or for damages for its detention, the return and the damages must be claimed in his answer. The answer of the Von Richtofens in the replevin suit, alleged ownership and right of possession in Mrs. Von Richtofen, but claimed no return of the property, or damages for its detention. Except where a judgment is entered by confession, or by agreement of the parties, it must accord with and be warranted by, the pleading of the party in whose favor it is given, or it is not an estoppel. In *Munday v. Vail*, 34 N. J. L. 418, the court said: "A defect in a judgment arising from the fact that the matter decided was not embraced within the issue, has not, it would seem, received much judicial consideration. And yet I cannot doubt that, upon gen-

eral principles, such a defect must avoid a judgment. It is impossible to concede that, because A and B are parties to a suit, a court can decide any matter in which they are interested, whether such matter be involved in the pending litigation or not. Parties, by becoming suitors, do not place themselves, for all purposes, under the control of the court, and it is only over those particular interests which they choose to draw in question, that a power of judicial decision arises." In *Corwithe v. Griffing*, 21 Barb. 9, it was held that judgment of a court, confirming a report of commissioners in partition, which embraced land other than that described in the petition was void. And it has been held by this court that a judgment in favor of a party, which is unwarranted by his pleading, must be treated as a nullity. *Jansen v. Hyde*, 8 Colo. App. 38.

The statute providing for a judgment of return and damages in favor of the defendant, expressly limits the power of the court, in the matter of the rendition of such judgment, to cases in which the defendant by his answer claims the return and the damages. The judgment in favor of Mrs. Von Richtofen, was, therefore, in so far as it adjudged a return of the property, or the payment of its value, to her, and awarded damages to her for its detention, not warranted by the answer; and, at least, as to the defendants in the case at bar, must be regarded as void.

But there is still another reason, and a very conclusive one, why the judgment in this case must be affirmed. By the undertaking the sureties assumed a conditional liability. They undertook that the plaintiff in replevin would prosecute his action without delay, and with effect, and that he would make return of the property if a return should be adjudged, and pay such sum as might be recovered against him. On a supposition, which will be entertained for present purposes only, that there was a valid judgment against Kaltenbach for a return of the property, or its value in case a return could not be had, and for damages for its detention, if Kaltenbach returned the property, or paid its value, and also paid the dam-

.ages and costs, there would be no liability against the sureties. In an action upon the undertaking, the facts necessary to make the liability of the sureties absolute, that is, the facts showing the failure of Kaltenbach to perform the judgment, must be alleged and proved. The right of action on a bond grows out of the breach of its conditions, and the burden is upon the plaintiff to show condition broken. *Young v. Stephens,* 9 Mich. 900 ; *Nelson v. Welch,* 8 Colo. App. 210. Accordingly the complaint alleged that Kaltenbach did not make return of the property, or pay any portion of its value, or pay any part of the damages adjudged, or of the costs ; but no effort was made by the plaintiff to prove a single one of these allegations, or any fact or facts from which a failure in any respect of Kaltenbach to perform the judgment, might in the remotest degree be inferred. For this reason, in addition to reasons to which we have already elaborated, the plaintiff was not entitled to judgment, and the judgment in favor of the defendants must be upheld.

Let the judgment be affirmed.

*Affirmed.*