Wilson, P. J.
This was a suit in replevin begun by plaintiff Legere May 25, 1898, to recover possession of forty head of cows, thirty head of yearlings and calves, and four horses. The complaint was in the usual form, alleging ownership by and right of possession in plaintiff, and the wrongful taking and detention by defendant. In pursuance of the writ the property was seized and turned over to plaintiff, remaining in his possession thereafter. The answer, not filed until October 22, following, denied the allegations of the complaint and set up an affirmative defense in the nature of a cross-complaint. In this it was alleged that on November 1, 1897, the plaintiff by verbal agreement had leased to defendant for the term of one year from that date, the plaintiff’s farm, and also the forty head of cows and the horses, and that in pursuance of said agreement plaintiff had placed defendant in possession of said property, and he was entitled to hold the same until November 1, 1898. It was further alleged that by the terms of the agreement the plaintiff was to have as rental one-half the increase of the cows, and one-half of all revenues from the farm, the remaining one-half of increase and revenues to belong to defendant. It was claimed and set up that by virtue of this agreement, the thirty head of yearlings and calves were the joint and undivided property of the parties, they being the increase of the cows during the term of the lease, and of a *474 lease for the preceding year which it was alleged existed between the parties on the same conditions. The answer or cross-complaint alleged the value of the entire property — cows, yearlings, calves and horses — to be two thousánd dollars. A return of the entire property was prayed for, or the value thereof, to wit, two thousand dollars, in case return could not be had, and for eight hundred dollars damages for the taking and withholding. Trial was had on November 30, 1898. The plaintiff not appearing, a jury was empanelled, and after the presentation of evidence on the part of the defendant, a verdict was rendered in his favor, and judgment entered accordingly for the return to him of the entire property, or the payment of two thousand dollars, the value thereof; and also for damages in the sum of eight hundred dollars for the detention. On the next day plaintiff appeared and filed a motion to vacate and set aside the judgment, and for a new trial, and in support of it alleged surprise, and excusable neglect on the part of plaintiff which prevented his appearance at the trial, insufficiency of the evidence to justify the verdict, and that the damages were excessive. This motion was denied.
It is asserted that this court is precluded from considering the question as to whether the evidence was sufficient to support the judgment, because there was no exception saved to the judgment. This court has decided expressly to the contrary, and this contention cannot be upheld. Trial was to a jury, and no exception to the judgment was necessary.—Bradbury v. Alden, 13 Colo. App. 215.
The judgment cannot be sustained, because it was not warranted by the pleadings.—Jensen v. Hyde, 8 Colo. App. 38; Gallup v. Wortmann, 11 Colo. App. 308; Tucker r. Parks, 7 Colo. 68.
It expressly appeared according to the aver *475 ments in defendant’s answer, or eross-eomplaint, that whatever may have been his right — which it is not necessary here to decide — to the possession of the thirty yearlings and calves, he had at the time of the trial and judgment no right to the possession of the cows and horses. Whatever right to such possession he may have had at the time of the institution of the suit, had terminated thirty days previous to the time of trial, at which date the alleged lease had expired. Conceding that defendant was entitled to possession at the time of the institution of the suit, according to his own pleadings the right did not exist at the time of trial and judgment. This change in the legal right of possession took place after suit brought, and before trial, and being presented as we have said by the pleadings, and also by the evidence, the defendant was in no case entitled to a judgment for the return of such property, or for its value.—Hammond v. Solliday, 8 Colo. 611.
The testimony was in harmony with the allegations of the answer and cross-complaint, and hence the evidence was insufficient to support the judgment.
The verdict of the jury, after a general finding as to the issues joined in favor of defendant, was: “We find that he was entitled to the possession of the property described in the complaint at the institution of this suit, and we award him a return of the same, etc.” The judgment is not even supported by the verdict. The verdict did not find that he was entitled to a return, as required by code section 201. The jury attempted to award him a return, power to do which is nowhere vested in them, and this, too, without any finding as to whether defendant was then entitled to a return. Power to award a return belongs to the court after the jury has found that the party is entitled to it.
We are not advised by the record as to what rule *476 was adopted or followed in the determination of the amount of damages given to the defendant, but whatever it may have been, it is apparent that the amount awarded was excessive. In the answer and cross-complaint, no special damages were alleged. There was simply an averment of general damages, which would include only those naturally arising from the detention of this property. Conceding the value of the entire property to have been as alleged in the answer, $2,000.00, an allowance of damages to the amount of $800.00 for its detention for a period of less than six months, is unreasonable and excessive on its face. It is especially so in this case, where a very considerable portion of the property, the yearlings and calves, could have been of no possible service, hut on the-other hand, an expense to defendant.
A number of other questions are raised hut we do not deem it necessary to pass upon them because they may not arise in the new trial which must he had. The judgment must he reversed, because in our opin - ion it is not warranted by the pleadings or the verdict of the jury, nor sustained by the evidence.

Reversed.