No. 9610.

### DURHAM *v.* WILSON.

1. CONTINUANCE—*Absent Witness—Materiality of Testimony.* Application for a continuance—absence of a witness, setting forth what his testimony would be. These statements being mere conclusions, *held* not a compliance with Code sec. 1908. For this reason and because no diligence was shown to secure the attendance of the witness a denial of the application was approved.

2. REPLEVIN—*Writ—Return.* The writ showed no return. *Held* that judgment of the return of the goods was a nullity.

3. PRACTICE IN ERROR—*Judgment for Relief Not Demanded.* Treated as a nullity.

*Error to Jefferson District Court, Hon. S. W. Johnson,*
*Judge.*

*Department One.*

Mr. Charles McCall, for plaintiff in error.

Mr. L. J. Stark, for defendant in error.

Mr. Justice Burke delivered the opinion of the court.

Plaintiff in error brought an action in the District Court against defendant in error to recover the possession of a certain truck, and for damages. The answer denied plaintiff's ownership and right of possession, and alleged ownership in defendant. It set up no claim either for possession or damages.

On the day of trial plaintiff moved for a continuance on the ground of an absent witness. This motion being overruled, plaintiff declined to offer any evidence. Defendant testified in his own behalf, that he was the owner of the truck; that it was taken from his possession "the day after this suit; that he had not had it since; that so far as he knew "it remained in possession of the plaintiff"; that its value was $1,000, and his damages $828. Thereupon the court entered judgment for defendant, awarding him possession of the truck, damages in the sum of $828, and costs. To review this judgment plaintiff brings error.

Burke, J., after stating the case as above.

Plaintiff's motion for a continuance is supported by an affidavit purporting to set up what the absent witness would testify to. These statements are mere conclusions and the affidavit is no compliance with Sec. 194 of the Code, R. S. 1908. No subpoena had been issued for the witness, and no attempt was made to show due diligence, or any diligence, in procuring his attendance. The motion was therefore properly overruled.

The abstract of record contains no reference to the writ of replevin. It is, however, set out in the bill of exceptions and shows no return. It therefore does not appear that the truck was ever taken from defendant's

possession under the writ and a judgment for its return was void. *Gallup v. Wortmann et al.,* 11 Colo. App. 308-312; 73 Pac. 247.

The defendant, by answer, having demanded neither the return of the property, nor damages for its retention, a judgment granting such relief must be treated as a nullity. "The statute providing for a judgment of return and damages in favor of the defendant, expressly limits the power of the court, in the matter of the rendition of such judgment, to cases in which the defendant by his answer claims the return and damages." *Gallup v. Wortmann, supra,* 315.

The judgment is reversed with directions to the trial court to enter judgment of dismissal against the plaintiff and in favor of defendant for his costs.

Garrigues, C. J., and Teller, J., concur.