## No. 14,775.

### BARSLUND ET AL. v. ANDERSON.
(103 P. [2d] 23)

Decided May 27, 1940.

Mr. L. C. KINIKIN for plaintiffs in error.

Messrs. BRYANT & STUBBS, for defendant in error.

*En Banc.*

MR. JUSTICE YOUNG delivered the opinion of the court.

ANDERSON, plaintiff in the district court, held an overdue note of Barslunds, defendants, secured by a chattel mortgage on certain livestock and farm machinery. Plaintiff, attempting to foreclose said mortgage, took over a part of the mortgaged property on February 1, 1940, but was unable to secure possession of all of it. February second, he instituted an action in replevin. A

summons and writ were duly issued and served on the same day, the writ being executed by the sheriff taking the property into his possession. The Barslunds consulted two different attorneys who apparently were unwilling to represent them. They then conferred with a third firm of attorneys with whom they left the papers which had been served upon them. Various negotiations were thereafter entered into between the attorneys for plaintiff and those employed by defendants, and defendants themselves. A redelivery bond was tendered which plaintiff rejected because the sureties thereon were financially irresponsible. No appearance was made by defendants and February 23 the court entered their default, a hearing was had, and judgment entered in favor of plaintiff. Findings were made that the plaintiff was entitled to the immediate possession of the property and that the value thereof was $300.00. The court further found "that the Plaintiff's damages sustained by reason of the detention of said property by Defendants as set forth in said Complaint is the sum of three hundred dollars ($300.00)." The court then entered judgment against defendants for possession of the property described in the mortgage, for the sum of $300.00 for the wrongful detention thereof, and for plaintiff's costs in the sum of $20.75.

At this juncture defendants procured other counsel who filed a motion to set aside the default judgment and for a new trial. Stated generally the grounds upon which they sought the new trial were: That they had a partial defense to the note, in that certain payments made thereon had not been credited; that the attorneys employed by them had failed to interpose any defense; and that they are now advised that they have a good and meritorious defense to plaintiff's cause of action. The nature of the alleged defense, other than that of partial payment and that the property was worth more than the amount found by the court, is not disclosed. In the affidavit filed in support of their motion, defend-

ants set forth that because of the judgment for $300.00 for detention of the property entered against them they had no plain, speedy, or adequate remedy at law or in equity. The court on a hearing denied the motion.

Defendants make the following assignments of error:

"1) The complaint does not state facts sufficient to constitute a cause of action; in that, the action being in replevin should be for possession and sale, not ownership.

"2) The judgment is contrary to law, not being in conformity with the Code on replevin.

"3) The judgment is against the law, departing from the mortgage relied upon, for sale and accounting, and declaring for absolute ownership.

"4) The court erred in denying defendants' motion to set the judgment aside and for an accounting."

■ The first assignment of error is without merit. Replevin is a possessory action. Under the defaulted chattel mortgage plaintiff was entitled to possession of the property. What his duties were with respect to the provisions of the chattel mortgage and whether he held the property after obtaining possession as absolute owner or only for the purposes of public or private sale were not involved in the replevin action.

■ The second assignment of error, that the judgment is contrary to law because not in conformity with the Code of Civil Procedure relating to replevin, is good in part. The court found the value of the property to be $300.00, but entered judgment awarding its possession to plaintiff without giving him in the alternative a money judgment as provided in section 247 of the Code. Since the requirement of an alternative money judgment for the value of the property in case a delivery can not be had is for the benefit of the plaintiff, failure to enter such a judgment does not prejudice the defendant, and of such failure he may not complain. *Bank v. Dole*, 25 Colo. 1, 52 Pac. 673; Code of Civil Procedure, section 221.

■ Under the foregoing code provisions and pleadings the court was not authorized to enter other than a nominal judgment for damages for the wrongful detention of the property, whereas judgment was in fact rendered in the substantial sum of $300.00. In his complaint plaintiff makes no allegations that would permit the admission of evidence of any special damages sustained by him by reason of the alleged unlawful detention of the property by defendants. He prays for damages in the sum of $300.00 by reason of defendants' detention of the property, but the prayer of the complaint avails nothing when not supported by allegations of fact as grounds for the relief prayed for. Although judgment was entered against defendants on default, they were entitled to have it limited to such extent and amount as the well-pleaded facts in the complaint would justify. In *Hammond v. Solliday*, 8 Colo. 610, 9 Pac. 781, a replevin case, Mr. Justice Helm, speaking for the Court, said:

"The issue stated by the pleadings, and to which the evidence in this case was directed, required the jury in their verdict to find upon the following questions, viz.: The right to possession of the property in dispute at the commencement of the action, the value thereof, and the amount of damages suffered through its wrongful detention. These questions they answered, determining such right of possession in favor of plaintiff, assessing his damages at one cent, and fixing the value of the property at $176.

"It is true that no special damages were averred or proven by plaintiff, and for this reason no special damages could have been recovered. But upon a recovery on the main issue there need be no special averment or proof to sustain the awarding of nominal damages. 'Nominal damages, at least, are awarded without proof of actual injury.' Wells on Replevin, sec. 526 et seq., and cases cited."

What we have said with respect to the first assignment is applicable in principle to assignments three and

four, in that both of these assignments relate to the plaintiff's duties and obligations with respect to the manner of his dealing with the property under the provisions of the mortgage after he had taken possession thereof as a part of his proceedings to foreclose the same. Such matters are not within the issues of a replevin action.

The showing made by the defendants as to surprise, inadvertence, or excusable neglect was not sufficient to entitle them to have the judgment set aside and the cause reopened to permit a contest of the action. The error in entering judgment for more than nominal damages in the absence of allegations of special damages in the complaint appears on the face of the record. Defendants were entitled to have this part of the judgment set aside.

In so far as the judgment awarded possession of the property to the plaintiff it is affirmed. In so far as it awards him substantial damages for the detention of the property, it is reversed, and the cause is remanded to the district court with directions to set aside the judgment for substantial damages. Further proceedings, if any, to be in harmony with the views herein expressed.

Mr. Justice Francis E. Bouck concurs in part.

Mr. Chief Justice Hilliard not participating.

Mr. Justice Francis E. Bouck concurring in part.

The motion to set aside the default judgment before us was good if that judgment was erroneous, as the opinion herein states. The motion should have been sustained. There was no attempt to contradict the oral evidence and written affidavits introduced by the defendants and amply supporting the motion. They showed that after service of process upon them the defendants had promptly communicated with a firm of attorneys, who received the defendants' papers with the express

agreement to look after the interests of the defendants, who allege a meritorious defense.

Even though there had been serious defects in any showing made, however, there would have been error in refusing to set the judgment aside, because the record clearly reveals on its face that the complaint was issued and served in Montrose county on February 2, 1940, and that judgment was entered on February 23. The defendants' time to plead included the 20th day thereafter, or the next following juridical day if the 20th day happened to be non-juridical, which it did, the return day being February 22 (Washington's birthday), a legal holiday. Hence the defendants could not have been in default before the 24th. The district court ought to have taken judicial notice of these facts. The premature and improvident entry of judgment conferred no rights upon the plaintiff as against defendants' motion.

Moreover, the judgment was in no sense a divisible one, though the opinion so treats it.

The defendants should be allowed to contest the plaintiff's claim as if no judgment whatever had ever been entered. They should be permitted to present any defense they may have to the alleged cause of action of the plaintiff.

For the reasons stated, this court ought to reverse the judgment as a whole and remand the case with instructions to set aside the default judgment and to grant the defendants leave to plead to the complaint. The judgment of this court is correct as far as it goes, and to that extent I concur; but it should go farther as I have indicated.