# COURT OF APPEALS

OF THE

## STATE OF COLORADO.

APRIL TERM, 1900.

[No. 1770.]

## EISENHART ET AL. v. McGARRY.

1. REPLEVIN—ALTERNATIVE JUDGMENT—ACTION ON BOND.

Where a replevin bond contained the several conditions that plaintiff would prosecute the action without delay, that he would return the property if return was adjudged and that he would pay to defendant whatever judgment might be rendered against plaintiff, and judgment was in favor of defendant wherein it was found that defendant was the owner of the property, that it had been delivered to plaintiff and could not be returned, and for damages in a certain sum, an action could be maintained on the replevin bond even though there was no alternative judgment for the return of the property or for its value.

2. JUDGMENTS—ATTORNEYS' LIENS.

Where it does not appear that the attorneys who procured a judgment, and who it is alleged claim a lien thereon, have ever done anything to enforce or establish their lien, or given notice of it either to the debtor or assignee, they have no such lien as would make them necessary parties to an action by the assignee of the judgment to enforce its collection.

VOL. XV—1 (1)

3. EVIDENCE—JUDGMENTS—ASSIGNMENT.
Where a written assignment of a judgment is offered and received in evidence without objection, proof of the execution of the assignment and the signature attached thereto is waived.

*Appeal from the District Court of El Paso County.*

Messrs. CUNNINGHAM & MUSSER and Messrs. WARD & WARD, for appellants.

Mr. H. McGARRY, *pro se.*

BISSELL, P. J.

William Hamilton brought a replevin suit in El Paso county, in May, 1896, against E. C. Dixon, to recover certain personal property. Therein as required by statute, and in conformity with its terms, he filed an undertaking in the sum of $3,000 which was double the alleged value of the property stated in the affidavit, which contained several conditions, one for the prosecution of the action without delay, another for the return of the property if the return was adjudged, and a third for a payment to the defendant of whatever sum of money might be recovered against him. This bond was signed by the appellants, Eisenhart and Goshen. This replevin suit proceeded to trial and judgment, and therein it was found that Dixon was the owner of the property and entitled to its possession. In the judgment entered it was found that the property had been delivered to Hamilton, and further that it could not be returned to Dixon, who had been damaged by the seizure in the sum of $510.93, for which judgment was given and execution ordered. In the present suit the plaintiff counted on this undertaking, alleging an assignment of the judgment to him, and otherwise in form and substance stated a good cause of action thereon. The defendants filed an answer setting up two defenses, both of which were about equally worthless. In the first, it was stated that the court failed to render a judgment for the re-

turn of the personal property and that no damages were adjudged, as they were informed and believed. They set up a further defense, on information and belief, that in the replevin suit a law firm, with another, were the attorneys for Dixon, and that prior to the assignment by Dixon to the plaintiff, the attorneys claimed a lien and filed among the papers in the case a written statement of their claim, and as they were informed and believed, they now and at all times claimed a lien. There were sundry motions and demurrers filed, but the only one which need be referred to is that which sustained the demurrer to the second defense. When the case came on for trial, the plaintiff introduced the record in the replevin suit, the bond, the assignment of the judgment, and rested. All of this evidence was received without objection. The defendants offered no testimony, and judgment for McGarry necessarily followed. Prior to the trial, when the demurrer to the second defense had been sustained, the appellants filed a motion to have the law firm and the other made parties. On what basis the appellants moved we are not advised by the abstract. The motion is not set up, nor are any of the facts appearing therefrom called to our attention by the paper-book. We assume, however, it is on the basis that they claimed a lien, according to the allegations of the answer.

This statement practically disposes of the appeal, and permits the affirmance of the judgment without any reference to the legal propositions which have been argued. We might here conclude the opinion with entire justness looking only to the record which the parties have presented.

The first defense pleaded the failure to adjudge the return which is, as we have already several times decided, utterly valueless under the circumstances disclosed. Alternative judgment is always proper and many times necessary in order to give the obligees in the undertaking a right of action for the breach of some of its conditions. Wherever there are several conditions in the bond and wherever it has been found and adjudged that the return is impossible, an action may be maintained on the undertaking, even though there be no al-

ternative judgment. *McCarthy v. Strait et al.*, 7 Colo. App. 59 ; *Cox et al. v. Sargent*, 10 Colo. App. 1.

Many other cases might be cited, but these are enough to show that under the finding of the court in the replevin suit, the plaintiff in this action, having shown an undertaking by the appellants to pay whatever judgment might be rendered, that the return could not be had, and proved a breach, was entitled to maintain the suit.

The demurrer to the other defense was well taken. The extent and possibility of an attorney's lien in this state is well settled. We had occasion to consider it some years ago, and the court, speaking by Judge Thomson, analyzed the provisions of the statute with reference to attorney's liens, and decided what was necessary to maintain and enforce it, and practically thereby determined the conditions which must exist in order to make the attorneys necessary parties to an action brought on the judgment or on an undertaking given to pay it. *Colo. State Bank of Durango v. Davidson et al.*, 7 Colo. App. 91. This case subsequently came before the supreme court after a new trial, and in an exhaustive opinion by the Chief Justice, that court very fully declared the law. *Davidson et al. v. Board of Comrs. of La Plata Co.*, 26 Colo. 549. Therein an attorney's right to a lien was fully upheld. Its enforcement against an assignee was adjudged. The proof established the lien. The case was also full to the point that both the creditor and the assignee had notice of the attorney's claim and the intention to insist on the lien before either transfer or payment.

Herein the trouble with the defense as it was pleaded and with the motion as it appears in the abstract is: there is in no way and in no manner a statement of facts showing that the attorneys had a lien on the judgment. There is nothing pleaded and nothing stated in the motion papers to show that the attorneys who claimed the lien had ever commenced proceedings to enforce it, or that at the time of this trial, or of this plea, they had done anything towards maintaining their claim or establishing a lien, or had given any notice of

it to the debtor or to the assignee. Their claim cannot therefore be said to be a subsisting lien enforcible either against their client, or against the judgment debtor, and nothing appears which would prevent the judgment debtor from paying the creditor or the clerk, as he might see fit. The mere claim of a lien followed by no suit to establish it, or any proceedings to enforce it or notice of an intention to claim it, is not a lien in the sense which makes the persons who are said to be claiming it necessary parties to a suit begun to collect the judgment.

We have no intention to minimize the force of the decision in the *Davidson* case. Judge Thomson's opinion is justified by the case as then presented. The later decision by the supreme court can be clearly defended on the facts stated in the opinion. Nor do we conceive it at all departs from the earlier decisions of that court. This question has been so well presented by the counsel who appeared on the oral argument, though he did not participate in the trial, that we have gone further than the record requires. It may well be the attorneys had a lien. Possibly even without initial proceedings if they had given the proper notices, it would have been so far preserved that they might have been proper if not necessary parties and the court might have committed error in not ordering them brought in. The error, if any, is not demonstrated by the terms of the plea or by the substance of the motion. It does not appear from either or both that the attorneys had a lien or the right to insist on one.

This practically disposes of all the questions urged, except we find it suggested in the brief, that there is no proof of the assignment of the judgment. This does not accord with the facts because the assignment was offered in evidence, and received without objection, and this circumstance is always held enough to prove the due execution of the instrument which is offered, permit the assignment to be produced, and waives any proof of its execution or of the signature. This seems to be a well-settled doctrine, supported by many cases, and laid down by an eminent author. 1 Thompson on Trials, § 823, *et seq.*

We can discover no other matters suggested in the arguments which in our judgment are worthy of consideration, and while we have spent more time than perhaps the case deserves, we have only done it because of the apparent conviction of counsel that the appeal had some merits.

Everything being disposed of, and no error appearing in the record, the judgment will be affirmed.

*Affirmed.*