CANTRIL V. BABCOCK ET AL.

1. Under the Code, section 207, providing that in replevin "judgment for the defendant may be for a return of the property, or the value thereof in case a recovery cannot be had, and damages for taking and withholding the same," the amount of the judgment recovered by defendant is conclusive in a subsequent suit upon the replevin bond.

2. Where property in the hands of the United States marshal has been wrongfully replevied in a state court, such court may properly render judgment for a return to the marshal of such property, or payment to him of the value if return be not made, although the merits of plaintiff's claim are not adjudicated.

*Error to District Court of Boulder County.*

CANTRIL, as United States marshal, levied two writs of attachment issuing from the federal court, in suits against Herman Bros., upon certain personal property belonging, as he asserted, to them. Babcock, who was not a party to the suits in the federal court, but claimed to own the property by purchase from the assignee of Herman Bros., brought his action of replevin in the district court of Boulder county, giving the usual replevin bond, with the other defendants above mentioned as sureties. The replevin action was decided upon demurrer in favor of Cantril, judgment being entered in the state court for a return to him of the property replevied, or, in case a delivery thereof could not be had, then for the sum of

$4,770.40, the value of the goods replevied. The goods were not redelivered, nor was the amount of the judgment paid. The present action was brought by Cantril upon the replevin bond. In this bond defendants undertook and acknowledged to the effect that they were "jointly and severally bound unto defendant Cantril * * * in the sum of $9,546.80 (being double the value of said property described in the affidavit) for the prosecution of said action without delay and with effect, and for the return of said property to said defendant, if return thereof should be adjudged, and for the payment to the said defendant of such sum of money as might from any cause be recovered against said plaintiff, Babcock." Upon trial to the court, a jury being expressly waived, judgment was entered awarding Cantril $1,778.13. To review this judgment the present writ of error was sued out by him. It appeared by the pleadings and evidence below that the amount of the judgment, viz., said $1,778.13, represented the aggregate amount of the claims in suit before the federal court on account of which the writs of attachment aforesaid issued, and were levied upon the property mentioned. It in like manner further appeared that suit was afterwards brought in the federal court by other creditors against Herman Bros. for different sums aggregating more than the full amount of the alternative money judgment given by the state court in the action of replevin, and that writs of attachment issuing in such suits were placed in the hands of the marshal, who levied upon the same goods by serving copies of the writs upon Herman Bros., and making the proper indorsements thereon. Also, that Babcock, claiming ownership of the property, intervened in six of those suits, and that the ownership and right of possession were found against him in each of them. Judgments were duly recovered by the plaintiff in all the suits above mentioned pending before the federal court. Section 204 of the Civil Code, referred to in the opinion, reads as follows: " In an ac-

tion to recover the possession of personal property, judgment for the plaintiff may be for the possession, or the value thereof in case a delivery cannot be had, and damages for the detention. If the property has been delivered to the plaintiff, and the defendant claim a return thereof, judgment for the defendant may be for a return of the property, or the value thereof in case a recovery cannot be had, and damages for taking and withholding the same."

Mr. GEORGE ROGERS, for plaintiff in error.

Messrs. DECKER and YONLEY, for defendants in error.

HELM, J.  Plaintiff in error, Cantril, recovered the judgment to reverse which this proceeding was instituted. His position is that he was entitled to the full sum awarded in the state court by judgment in the replevin suit, and that that court could not, in the present action upon the replevin bond, review or re-investigate the matters then adjudicated.  The replevin bond constituted a contract between Babcock and his sureties on the one hand, and Cantril on the other.  Its terms are unequivocal. They stipulate for the payment, in case of defeat in the replevin action, of "such sum of money as may, from any cause, be recovered against the said plaintiff."  It is clear that the court below did not render judgment at the trial of the present suit in accordance with this provision of the contract or undertaking.  The property replevied was not redelivered, and by the condition of the obligation defendants were to pay Cantril $4,470.40, the value thereof as fixed by the judgment.  It is asserted that defendant's money recovery, where he succeeds in a replevin suit and the property seized by the plaintiff is not returned, is measured by the extent of his (defendant's) interest therein.  This legal proposition it is not necessary now to consider.  If correct and unmodified by statute, it might have an important bearing were we

trying or reviewing the replevin action. But the authorities are clear that the judgment rendered under statutes similar to ours (section 204, Civil Code), for the value of property in the replevin suit, is conclusive in a subsequent suit upon the replevin bond. The value of the property, together with plaintiff's interest therein, is supposed to have been fully determined in the replevin action. Therefore these questions are treated in suit upon the bond as *res adjudicata.* 2 Suth. Dam. 51, and following. This rule of law is in our opinion decisive of the present case. To say that it shall not be is to relieve parties from the stipulations contained in their solemn written obligations under seal. Besides, it appears from the judgment in the replevin suit now under consideration that the sum awarded in case of failure to return the property was the exact amount then fixed by stipulation of the parties as the value of the property replevied. No question is made concerning the accuracy of this stipulation, and hence no controversy exists as to this point. When property in the hands of the United States marshal has been wrongfully seized under process from a state court, it (the state court) may properly render judgment for a return to the marshal of such property, or payment to him of the value if return be not made, though the merits of plaintiff's claim are not adjudicated. *Parks v. Wilcox,* 6 Colo. 489. As suggested in that case, this proceeding is necessary to place the marshal in the exact position he occupied before being wrongfully dispossessed, and to fully protect the lawful process under which he acted. By virtue of the replevin judgment, the property, or the value thereof, as the case may be, is restored to the custody of the federal court. And it seems to us that that court is the proper forum in which to litigate (so far as the law and procedure may permit of litigation) all claims of ownership or interest asserted by the plaintiff in replevin to the property returned, or to the money paid in lieu thereof. Babcock's interven-

tion before that court in the attachment suits against Herman Bros., and the trial therein of his claim of ownership, were evidently based upon this theory, though he had neither redelivered the property nor paid its value to the marshal.

It should perhaps be remarked in passing that section 13, page 540, Revised Statutes 1868, has been repealed. The decisions of this court based upon that statute are therefore not authority at present. Besides, it is doubtful if the rule adhered to would be applied in cases like the one at bar, even were the statute still in force.

The judgment of the district court will be reversed and the cause remanded, with directions to enter judgment in favor of the marshal for the full amount awarded by the court in the replevin suit, together with legal interest to the date of such judgment.

*Reversed.*