## WITKOWSKI v. HILL.

1. TRIAL COURT—PRESUMPTION AS TO LAW.—When an action is tried by court without a jury and no finding or declaration of law, in the nature of an instruction, is made by the court or requested by either party, it must be presumed that the court is governed by proper rules of law in considering the evidence.

2. TRIAL COURT—PRESUMPTION AS TO FACT.—When the finding of the trial court upon an issue of fact is not altogether unwarranted by the evidence, an appellate court will not assume the responsibility of substituting its own judgment for the judgment of the trial court.

3. RECOVERY OF VALUE IN REPLEVIN, WHEN LIMITED.—In a replevin suit between the general owner and one having a special property or interest in the replevied chattels, a recovery by the latter should, in case a return of the property cannot be had, be limited to the value of such special property or interest.

*Appeal from Superior Court of the City of Denver.*

ACTION of replevin. Julius F. Witkowski, plaintiff below, replevied certain goods and merchandise from the defendant Zeph T. Hill. The trial resulted in a finding and judgment in favor of the defendant for the return of the property, or, in case a return could not be had, that defendant recover from plaintiff the value thereof; also for damages and costs. The plaintiff brings this appeal.

Mr. C. W. McCORD, Mr. THOMAS MACON and Mr. RALPH TALBOT, for appellant.

Mr. J. N. BAXTER, for appellee.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

On the trial it was, among other things, admitted that the defendant Hill as U. S. marshal by virtue of a writ of attachment duly issued had levied upon the merchandise in

controversy as the property of Louis Witkowski for a law-ful debt due from said Louis to the plaintiff in the attach-ment proceedings; and further, that the plaintiff Julius Witkowski was in the sole possession of the property at the time of the levy.

The marshal attempted to justify the taking on the ground that Louis Witkowski, the attachment debtor, had formerly owned and possessed the property; and had made a fraudu-lent and fictitious sale thereof to his son Julius, the plaintiff, with the intent to hinder, cheat and defraud the creditors of the said Louis, and that the title and possession of the plaintiff Julius was fraudulent and void as to his father's creditors whom the defendant Hill represented by virtue of said attachment writ.

1. The assignments of error are all embraced in the sin-gle allegation that, " The finding and judgment of the court are contrary to the law and the evidence." No objections or exceptions relating to the introduction of evidence were reserved at the trial. The action having been tried by the court without a jury, and no finding or declaration of law in the nature of an instruction having been made by the court or requested by either party, it must be presumed that the court was governed by proper rules of law in con-sidering the evidence. *Rollins v. Commissioners*, 15 Colo. 104; *Johnson v. Bailey, ante* p. 59.

There was a great volume of evidence relating to the time, place, manner and circumstances under which plaintiff had received nearly $10,000 worth of merchandise from his father during the four months preceding the levy by the de-fendant. This evidence consisted entirely of the testimony of the plaintiff, his family relatives, and their employees; and while it may be difficult to designate particular testi-mony as proof positive that plaintiff's title to the property was fraudulent, yet it cannot be said that the finding of the trial court upon the issue of fraud was altogether unwar-ranted. That court had the right to take into consideration the family and business relationship existing between the

several parties and witnesses, their manner of testifying, as well as all legitimate inferences to be drawn from the whole evidence, facts and circumstances of the case.  Upon the issue of fraud under the evidence an appellate court would not be justified in assuming the responsibility of substituting its own judgment for the judgment of the trial court.  The foregoing views have been so often expressed that they need not be repeated.  *Burdsall v. Waggoner*, 4 Colo. 256; *Grimes v. Hill*, 15 Colo. 363–365; *Sutton v. Dana*, 15 Colo. 101, 102; *Marsh v. Cramer*, 16 Colo. 334.

2. But there is another ground upon which the judgment as rendered cannot be sustained.  In addition to proving fraud as alleged it was essential to a recovery by the defendant that he should prove, not only his special property as an officer in the merchandise levied on, but, also, the value of such special property.  By his answer justifying the taking under legal process the defendant became an actor in the case, and, like any other actor, or plaintiff, was entitled to relief to the extent the averments of his answer were supported by the proof.  What was the proof?  It was in substance that the writ held by defendant and under which he justified the taking, was for a lawful debt amounting to $588.10 in favor of Reed *et al.* in their action as attaching creditors against Louis Witkowski.  This was the extent of the proof upon that point.  Therefore, the recovery of the defendant, in case a return of the property could not be had, should have been limited to the value of his special property in the attached merchandise, that is, to the amount necessary to satisfy such attachment debt together with interest and costs thereon.

That plaintiff was the general owner of the property in controversy was not contested.  He was the sole owner, except as to the creditors of Louis Witkowski whom the officer represented by virtue of his levy.  To the extent of the lawful debt of such attaching creditors, the officer had a special property or interest in the merchandise attached; and the value of such special property was no greater than

the amount of the principal of such attachment debt, with interest and costs. The principal of that debt was, as we have seen, $588.10. It is evident, therefore, that the trial court in finding the value of the property to be $1,000, in connection with a general finding in favor of defendant, did not observe the distinction between the whole value of the merchandise as alleged and sued for by the plaintiff as general owner, and the special value or interest claimed by the defendant as an officer having only a special property in such merchandise. This view is confirmed by the fact that the defendant in his answer alleged that the value of the property was not greater than $700. Cobbey on Replevin, sec. 1136; *Russell v. Butterfield,* 21 Wend. 300; *Warner v. Hunt,* 30 Wis. 200; *Merrill v. Wedgwood,* 25 Neb. 283; *Cantril v. Babcock,* 11 Colo. 143; *Tucker v. Parks,* 7 Colo. 68; *Miller v. Hallock,* 9 Colo. 554.

While the general finding of the trial court in favor of defendant will not be disturbed, the finding as to the value of the property cannot be sustained; the judgment is accordingly reversed and the cause remanded with directions that the district court find the value of the property, *de novo,* at such sum as would have satisfied the attachment in favor of Reed *et al.* against Louis Witkowski at the date of the judgment heretofore rendered herein by the superior court; and that judgment, *nunc pro tunc,* as of that date, be re-entered in the cause in favor of the defendant Hill against the plaintiff Julius F. Witkowski for the recovery of such value so found, *de novo,* in case a return of the property replevied cannot be had, the judgment in other respects to follow the original.

*Reversed with directions.*