# COURT OF APPEALS

OF THE

## STATE OF COLORADO.

APRIL TERM, 1897.

[No. 1155.]

## COX ET AL. v. SARGENT.

1. REPLEVIN—SUIT ON BOND.
In a replevin suit the replevin bond was conditioned that the plaintiff should return the property if the return should be adjudged or pay whatever its value might be found to be by the judgment and should prosecute his action with effect. No judgment was rendered for the return of the property to defendant, nor finding the value of the property, but the case was dismissed at plaintiff's cost. The failure by plaintiff to prosecute his suit with effect was a breach of the conditions of the replevin bond and the obligee may recover against the obligors in the bond whatever damages he may have sustained to the amount of the penalty.

2. EXCEPTIONS.
Where trial was to the court and no exception was saved to the findings or the entry of judgment in the bill of exceptions the question of the sufficiency of the evidence cannot be considered on appeal.

*Appeal from the District Court of La Plata County.*

Messrs. GALBREATH & SEARCY, and Messrs. C. E. & F. HERRINGTON, for appellants.

VOL. X—1                                    (1)

Messrs. RITTER & RUSSELL, and Mr. EWING ROBINSON, for appellee.

BISSELL, J., delivered the opinion of the court.

The principal inquiry suggested by this record respects the right of the defendant in a replevin suit which has been dismissed at the plaintiff's costs, wherein the judgment entered does not adjudge a return of the property to him, or find its value to recover in an action on the replevin bond the value of the property taken by the plaintiff.

In 1892, the Hansen Produce Company obtained a judgment against the Durango Packing Company which was a copartnership composed of E. C. Arnold and H. W. Cox for $782.01 with costs. On the 24th of June the plaintiffs sued out an execution from the district court wherein the judgment was entered, and placed it in the hands of Sargent who was the sheriff of La Plata county, who proceeded to make a levy thereunder. In attempting to collect it, the sheriff seized a lot of stock running on the range and while he held them for the purposes of the satisfaction of his writ, James A. Cox commenced a replevin suit against him to recover possession of the property and damages for its detention. In this suit James Cox averred ownership, the right of possession and the value of the property. It will be observed that the execution ran against H. W. as one of the execution defendants, and was levied on property to which his brother claimed title. That suit was defended by the sheriff who set up his special interest, the recovery of the judgment, and the writ under which he was proceeding, and contested the claim which James had asserted in the replevin suit, asserting the title to the property to be in H. W. In that replevin suit an undertaking was given under the statute, which was signed by the principal, James Cox, and Schutt, Strater and Chapman, as sureties, who are the other three defendants named in the present action. That replevin suit went to trial before a jury who on the issues rendered a

verdict, which appears in the record, setting forth that the defendant was entitled to the return of the property and had the right of possession at the time of the commencement of the action.  What we now state as shown by the record respecting the proceedings of the court in the replevin suit is not stated as of grave or controlling importance in the determination of the present inquiry, but to illustrate the basis of the appellants' contention.  In the trial of the present suit the plaintiff introduced the entire record in the replevin action and therefrom these particular facts are gathered.  On the incoming of the verdict in the replevin suit a question arose as to the proper judgment entry, and it would seem neither the plaintiff in that suit nor the defendant offered any evidence as to the value of the property.  It therefore became impossible for the court to enter the alternative judgment for the return of the property or the payment of its value.  The plaintiff was called on by the defendant to make proof of value, which he declined, and the defendant made an application to open up the case to prove that value which the court refused, except on conditions which the defendant declined to accept, and thereupon the defendant made a motion that the suit be dismissed at the plaintiff's cost.  This was done.  The only particular fact which is of controlling significance in settling the legal question which the appellants present, springs from the form of the judgment entry which was simply the dismissal of the plaintiff's action and for costs.  On the trial of the present suit on the undertaking, under the issue which was made by the statement of all these various facts and a general denial of the allegations of the complaint, the plaintiff introduced the entire record in the replevin action together with the execution and the sheriff's return, and produced the sheriff as a witness who testified that to his knowledge the judgment had not been paid.  Practically the only evidence of the value of the property offered in this action was the complaint in the replevin suit in which the value was alleged, the affidavit in replevin, and likewise the undertaking sued on

which contains a like recital and states it to be $2,000. The demand for its return sufficiently appeared, and on this evidence and proof the court rendered judgment for the obligees for the amount of their original claim with interest and costs, and interest on the costs, making a total judgment of $1,165.79. The case was tried to the court without a jury and in examining the abstract and the record we are unable to find that the appellants saved any exception to the findings and judgment of the court in the bill of exceptions. The only exception which is apparent in the record is found in the record proper and in the judgment entry.

The appellants insist that the judgment should be reversed and that the plaintiff cannot maintain his action since he failed in the original replevin suit to obtain a judgment for the return of the property and a finding as to its value. This contention is based on the general statutory provision which is found in most states, which provides that in actions for the recovery of possession of personal property the verdict of the jury shall determine the right of possession and ascertain the value and that judgment shall be entered in the alternative for the return of the property or the payment of the value found by the verdict. The appellants insist that without a judgment in this form a party may not maintain a suit on the undertaking. The undertaking contained not only the condition that the party should return the property if the return should be adjudged or pay whatever its value might be found to be by the judgment, but should also prosecute his action with effect. The right of the plaintiff to recover on an undertaking containing these conditions has been the subject of consideration in many states, and we are free to admit that the decisions are not in accord on this question. Some undoubtedly hold that if the defendant fails to obtain that which is his right, a judgment for the return of the property and one finding its value, that when he brings suit on his undertaking and the only breach which he is able to prove is the one for the prosecution of the action with effect, he can only recover nominal damages and

the costs which were adjudged in his favor. The cases are uniform to the proposition that a bond of this description must be taken to contain distinct and independent conditions, and that a breach of any one will give rise to a cause of action. This principle has been recognized by the supreme court of this state in a case where the question was directly presented. *Imel v. McDeren*, 8 Colo. 90.

The decision however does not proceed far enough to indicate the opinion of that court on the particular matter now under consideration. It is in harmony with the authorities which hold the conditions independent, and that either of the stipulations, the breach being proven, will support a suit. There are undoubtedly well considered opinions which decide that the obligee in the replevin bond may not recover any other damages than those which directly flow from the breach proven which on a dismissal of the action would only be nominal damages and costs awarded. There are other cases which do not proceed to this extent, but determine that where the suit has been dismissed or a nonsuit entered, an action may be maintained for the breach of the condition to prosecute with effect, but that in cases of this sort it is open to the defendant to contest the matter of the title to the property as between the plaintiff and the defendant in the replevin action, or the matter of value, or any other questions which might have been legitimately litigated in the replevin suit. They proceed on the theory that when no judgment for the return or for the value of the property has been entered, there is no estoppel against the obligors in the bond, and they may litigate any questions as to which they might otherwise be concluded. There are also cases which hold that a judgment of dismissal or of nonsuit is totally different from a final judgment between the parties, and that the obligees in the bond may then recover whatever damages they have sustained notwithstanding there was no judgment entered in accordance with the statutory provision. Such seems to be the rule in California. *Mills* v. *Gleason*, 21 Cal. 274. This case is particularly referred to because the princi-

pal decision on which the appellants rely is the case of *Clary* v. *Rolland*, 24 Cal. 147. It is cited to show that even in that state wherein perhaps the doctrine has been as strongly announced as in any other, a widely different effect is given to a judgment of nonsuit or dismissal and a general judgment. In the latter case the court suggests some doubts respecting the propriety of the rule which had been adopted in that state, but adheres to it because the court regarded itself bound by the prior adjudications. While we must admit there. is a good deal of force in the position, we prefer the rule that where an undertaking is given in a replevin suit containing these independent stipulations, and a breach of any one is alleged and proven, the obligees may recover whatever damages they are able to prove. The condition to prosecute with effect is certainly broken when the suit is dismissed or the plaintiff suffers a nonsuit. Why the obligees in the bond on proof of a breach of that condition should not be permitted to recover the value of the property which the plaintiff took under his writ and has failed to return, we are quite unable to understand. It might easily be that the plaintiff in the replevin suit, intermediate the beginning of the action and the rendition of the judgment of dismissal, might have sold or disposed of the property and put it entirely out of his power to return it. He might also fail to maintain his cause of action and while it puts a slight burden on the defendant to compel him to make proof of the value of the property and have the proper judgment entered in which case the sureties would be concluded both as to the right of possession and as to the amount of the recovery, yet to hold the sureties liable for the damages which the obligees may prove in a suit on the undertaking is not to extend the bond beyond its terms, and only calls on them to perform the contract into which they enter. The provision in the statute permitting the defendant to obtain a judgment awarding him the return of the property and determining its value is for his benefit and not for the benefit of the plaintiff. Therefore, it is not for the plaintiff nor for

the sureties to complain that the defendant has failed to do that which would relieve him of any difficulty in bringing his suit on the bond. It is to the advantage of the obligees that the plaintiff fails to procure the entry of that judgment under those authorities which permit them to contest the question of value, and possibly under some circumstances to contest the question of title to the property. The decisions which approve this doctrine commend themselves to our judgment, and since no other rule has been established by the supreme court in this state, we shall follow them. *Bank v. Hall*, 107 Pa. St. 583; *Balsley v. Hoffman*, 13 Pa. St. 603; *Berghoff v. Heckwolf*, 26 Mo. 511; *Manning v. Manning*, 26 Kansas, 98; *Little v. Bliss*, 55 Kansas, 94; *Gardiner v. McDermott*, 12 R. I. 206; *Hall v. Smith*, 10 Ia. 45; *Smith v. Whiting*, 100 Mass. 122; *Boley v. Griswold*, 20 Wall. 486; *Persse v. Watrous*, 30 Conn. 139; Cobbey on Replevin, § 1253, *et seq.*

Since we have reached the conclusion that in an action on the bond, the obligees may recover whatever damages they have sustained, to the amount of the penalty, on the dismissal of the replevin action and proof of the breach of the condition to prosecute with effect, even though they obtained no alternative judgment for the return of the property or its value, we have substantially determined every material question presented. There are several minor matters on which some stress is laid, but which we think are not available to the appellants. An attack is made on the judgment in the replevin suit, but it is quite clear since that judgment remains in full force and unappealed from and unreversed, it is entirely conclusive as against the obligors in the undertaking and that they may not be heard to attack it for irregularities in the commencement or continuance of the suit, or in the judgment entered.

The appellants likewise insist there is not sufficient proof of value on which the court had the right to enter its judgment against the obligors for the sum adjudged against them. The appellants may not urge this question as a reason

for reversal. While the bill of exceptions purports to contain all the evidence we are precluded from its examination or from holding that the evidence was insufficient to support the judgment because the appellants failed to save any exception to the findings or the entry in the bill of exceptions. The case having been tried to the court this was essential if they desired to preserve and raise this question on appeal. This relieves us of the necessity to discuss or determine whether the allegations of value in the plaintiff's complaint and the affidavit in the undertaking are of themselves sufficient proof of value to warrant the court in entering the judgment for an amount less than the penalty of the bond.

The only other distinct question presented respects the sufficiency of the complaint in its statement of a cause of action because of the failure to allege the entry of a judgment for the return of the property and fixing its value. This is really an independent question but is collateral to the one first discussed and that having been resolved against the appellants, is sufficiently disposed of without further comment.

We have examined the record with care, the various assignments of error, and the objections predicated on the rulings of the court, and we are wholly unable to discover any error which requires us to reverse the judgment. The defendant and his sureties took the property which had been seized under execution and the judgment not having been paid the plaintiff might recover the amount of the judgment, interests and costs, if property of sufficient value to satisfy it was taken in the replevin suit. This fact was found by the court, and we must assume it was found on sufficient testimony since this question is not preserved, and if the judgment is adequately sustained by testimony on this proposition, it is otherwise maintained by proof, and we must affirm the judgment, which is accordingly done.

*Affirmed.*

WILSON, J., not sitting.