[No. 6162.]

## TAGGART v. FUGEL.

Appeal Bond—Defenses—Error committed in the trial of an appeal, or arbitrary and unlawful exactions prejudicial to the appealing party, constitute no defense to an action upon the appeal bond.

*Appeal from Denver County Court* — Hon. CHARLES McCALL, Judge.

Mr. F. D. TAGGART, *pro se.*

No appearance for appellant.

Mr. JUSTICE WHITE delivered the opinion of the court:

The appellant, with others, executed a statutory appeal bond removing a cause to the county court from a judgment rendered against certain defendants in a suit tried before a justice of the peace. Upon the trial of the case so appealed, judgment was rendered against the parties appealing. The defendants in that case failing to satisfy the judgment, this suit was brought to recover the penalty designated in said bond. The only attempted defense is based upon certain alleged irregularities occurring in the trial of the original case in the county court on appeal from said justice of the peace. Counsel argue that by arbitrary action of the county court in the original case, in exacting certain alleged illegal fees as a condition precedent to further appearance, the appellant there, was not heard on his motion for a new trial, and was not allowed to take any exceptions to certain other alleged irregularities, nor appeal from the judgment there rendered to this court.

It appears from the record here that the case in which the appeal bond was given was regularly

brought before the justice of the peace, and the subject of the action, as well as the parties, was within the jurisdiction of that court, and that after trial there, the case was properly appealed to, and lodged in the county court. Thus the latter court had jurisdiction, and the judgment by it rendered must be respected until reversed, set aside or annulled, as provided by law. A judgment by a court having jurisdiction, however erroneous, not appealed from, or questioned in the manner and time as provided by law, is nevertheless conclusive upon all parties affected thereby, and cannot be attacked collaterally. —*Cochrane v. Parker*, 12 Col. App. 169; *Harter v. Shull*, 17 Col. App. 162, 166.

If the judgment was erroneous, if the trial court was arbitrary and made unlawful exactions of the defendants, or did anything prejudicial to their substantial rights in the progress of the trial, an appellate court—and in that case, or one of a reviewing or supervisory nature—was the place and the way to correct it. The defendants in that case, who are principals in the bond here sued on, suffered judgment to go against them. They failed to appeal therefrom or seek in any way to relieve themselves of its effect. Not only they, but certainly this appellant, cannot now question its regularity.—*McCarthy v. Strait*, 7 Col. App. 59, 63; Black on Judgments, § 245.

Perceiving no error in the record of this case, and being precluded, by rules of law, founded upon reason and the soundest principles of public policy, from inquiring into the procedure resulting in a judgment in a case never brought into this court, the judgment here appealed from, must be, and accordingly is, affirmed.        *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE BAILEY concur.