No. 21345.

DENVER TRUCK EXCHANGE, INC. *v.* GLOBE INDEMNITY CO.
(426 P.2d 772)

Decided April 24, 1967.

Richard N. Graham, for plaintiff in error.

Weller, Friedrich and Hickisch, for defendant in error.

*In Department.*

Opinion by Mr. Justice Sutton.

This is an action on a replevin bond.

Plaintiff in error, Denver Truck Exchange, Inc., was plaintiff in the trial court and will be referred to herein as plaintiff or Denver. Defendant in error will be referred to as defendant or Globe.

The record discloses that Denver was defendant in a separate replevin action brought by the Foothills Holding Corporation whereby Foothills sought the recovery of possession of certain trucks and other personalty then in the possession of Denver. As a result of that action the equipment was replevied and after Foothills took possession, it later disposed of it so that it was not available for return to Denver at the time of the latter's suit on the bond. Globe signed the replevin bond filed in connection with Foothills' action against Denver. The bond provided in pertinent part:

"* * * We, the undersigned, do hereby undertake to the effect that we are jointly and severally bound unto the Defendant [Denver] in the sum of TWENTY FIVE THOUSAND AND NO/100 ($25,000.00) — Dollars, (being double the value of said property as stated in said affidavit), for the prosecution of said action without delay and with effect, and for the return of said

property to the said Defendant, if return thereof be adjudged, and for the payment to the said Defendant of such sum of money as may, from any cause, be recovered against the said Plaintiff." (Part in brackets added.)

In the replevin action Denver answered, denying the material allegations of the complaint, and alleged its lien on the trucks for labor and materials furnished at the request of Foothills. At the trial of the issues Foothills did not appear, and the court entered judgment in default against it and in favor of Denver in the amount of $2,897.62 together with interest and costs. The court specifically found that the trucks had been in the possession of Denver when replevied, that it had expended labor and materials thereon and that a lien therefor existed; and that the trucks had been disposed of and could not be returned to Denver. Thereafter, Denver attempted to levy execution against Foothills and upon failure to recover anything, Denver instituted the present action on the replevin bond.

The trial court in this subsequent action ruled that under R.C.P. Colo. 104 a judgment in the alternative, *i.e.*, one for return of the property or for damages in the event return cannot be had, had to be entered in the action against Foothills before the surety could be held liable on its replevin bond. It then dismissed the action stating that Denver's judgment against Foothills was only a money judgment and not one in the alternative for the return of the property or for damages in lieu thereof.

The sole issue on this writ of error is: Whether, under the recited facts, the surety may be held liable on the replevin bond? This question is answered in the affirmative.

█ It has long been the rule in Colorado that a judgment in the alternative is not necessary in order to recover from a surety on a replevin bond; and Rule 104 *supra* should be so interpreted though it was adopted long after this point was first ruled upon in our state.

See *Eisenhart v. McGarry*, 15 Colo. App. 1, 61 Pac. 56 (1900); *Cox v. Sargent*, 10 Colo. App. 1, 50 Pac. 201 (1897).

■ Globe, however, additionally urges that since Denver, in its action against Foothills, did not specifically frame its prayer for relief in the alternative, the judgment rendered there is one on the counterclaim only for a money judgment, and the surety cannot be held liable for amounts recovered by way of such a counterclaim. We find no merit to this contention. *Cox* is also controlling on this point. In *Cox* we held that where *any* breach of the distinct and independent obligations incurred by the surety is shown, the obligee may recover from the surety whatever damages he has incurred. The following pertinent language, also applicable here, appears in that opinion:

"* * * to hold the sureties liable for the damages which the obligees may prove in a suit on the undertaking is not to extend the bond beyond its terms, and only calls on them to perform the contract into which they enter. The provision in the statute permitting the defendant to obtain a judgment awarding him the return of the property and determining its value is for his benefit and not for the benefit of the plaintiff. * * *"

■ A further answer to Globe's argument is that a surety may not question the validity of a judgment in a replevin action in a later proceeding on the bond. See *Taggart v. Fugel*, 46 Colo. 401, 105 Pac. 1090 (1909); *Gallup v. Wortmann*, 11 Colo. App. 308, 313, 53 Pac. 247 (1898); *McCarthy v. Strait*, 7 Colo. App. 59, 63, 64, 42 Pac, 189 (1895); *Cantril v. Babcock*, 11 Colo. 143, 17 Pac. 296 (1888). Thus, just what the original pleadings were in the action against Foothills is immaterial in this suit. In fact, such is an unpermitted collateral attack. See *Hill v. Benevolent League*, 133 Colo. 349, 295 P.2d 231 (1956); Cantril and McCarthy, *supra.*

■■ What we have here is a factual situation that calls for the application of a recognized exception to

the rule, urged by Globe, *i.e.*, that a judgment need not be in the alternative when it has been shown that the property cannot be returned to the claimant — as here, where it had been sold. *Liggett Co. v. Morris*, 96 Ind. App. 625, 178 N.E. 236, 240 (1931); Eisenhart, Cox and Sargent, *supra*. Obviously Denver could not enforce its lien without renewed possession, which lien Globe's bond had guaranteed when the property was taken from it and disposed of. The law does not require the doing of a useless act, nor must it make a fetish of a decretal form and thereby deprive a litigant of his just rights. As was said in McCarthy, *supra*:

"* *. * Where the Defendant is in the possession of the goods, and an order of return could be made effective, it is the correct practice to enter an alternative judgment; but where, as in this case, the complaint shows the goods to have been parted with, and to have gone beyond the possibility of return, such judgment would be not only unavailing, but *idle and foolish*. That a failure to make the judgment in the alternative will not render it void is declared by many eminent authorities." (Emphasis added.)

We therefore hold that a defendant in a replevin action under Rule 104 can recover from the surety, on the latter's bond, damages he has incurred as a result of the seizing of the property in his possession, without the requirement of showing an original judgment in his favor for the return of the property or in the alternative for damages in the event return is not possible.

The cause is reversed and remanded with directions to the trial court to determine the amount of damages suffered by Denver and to enter judgment on the bond in that amount, together with interest and costs.

MR. CHIEF JUSTICE MOORE and MR. JUSTICE KELLEY concur; MR. JUSTICE McWILLIAMS concurs in the result.