586 P.2d 243 (1978)
Sue WHITE, Plaintiff-Appellee,
v.
Verl JACKSON, d/b/a Verl's Automotive Service, Defendant-Appellant.
No. 78-307.
Colorado Court of Appeals, Division II.
October 19, 1978.
*244 C. Henry Toy, Lakewood, for defendant-appellant.
No appearance made for plaintiff-appellee.
VAN CISE, Judge.
In this action for replevin and damages for retention of plaintiff's automobile and involving a counterclaim by defendant for a repairman's lien, defendant appeals a judgment awarding plaintiff damages for his retention of her automobile and discharging the surety on a replevin bond. We affirm.
Since defendant has elected to proceed without including a transcript of the testimony in the record on error, we must assume that the trial court's findings of fact are supported by the evidence. From these findings and from the abbreviated record and the admissions contained in the pleadings, it appears that this case arises out of a course of events in which defendant did certain repairs on plaintiff's 1959 Lincoln automobile from August 1975 to *245 May 1976. Plaintiff claimed that the repairs were not satisfactorily done and did not pay for them.
When the automobile was in defendant's garage for repairs in May 1976, defendant retained it, claiming a lien for payment of his bill. Plaintiff brought this action in replevin under C.R.C.P. 104, together with a claim for damages for the withholding. Defendant counterclaimed for the amount of his repair bill, $591.78 due as of May 10, 1976, plus costs of collection, asserted his mechanic's lien, and asked for an order for sale of the automobile. Plaintiff obtained an order for possession upon posting a $400 replevin bond.
Thereafter, following a trial to the court, judgment was entered for defendant on his counterclaim for the $591.78 repair bill. However, the court found that defendant had asserted his lien on May 10, 1976, but had taken no judicial action to foreclose the claimed lien until July 23, 1976, when he filed his answer and counterclaim. Since this exceeded the 60 day time limit specified in § 38-20-107, C.R.S. 1973 (1976 Cum. Supp.), his lien had terminated. Therefore, it held that the defendant had wrongfully held the plaintiff's automobile for the period in excess of the 60 days until its return to plaintiff, that her damages for the retention period were $40, and entered judgment in her favor for that amount. This resulted in a net judgment for defendant of $551.78, with each party to pay its own costs.
Defendant first contends that the court erred in awarding any damages to plaintiff. However, § 38-20-107, C.R.S. 1973 (1976 Cum.Supp.) provides that:
"In the event that the lien holder does not foreclose the lien by commencing a judicial action within 60 days after charges become due and payable, the lien shall terminate."
His lien having terminated, defendant had no further right to withhold possession, and the plaintiff was entitled to recover for any damages incurred from unlawful retention.
The main issue on this appeal, however, arises from the court's order discharging the $400 replevin bond, thus denying to the defendant the opportunity of proceeding against the surety thereon, in assistance of his recovery on his $551.78 judgment. That bond provided that the corporate surety was bound to the defendant in the sum of $400, the value of the automobile,
"for the return of the said property to the said defendant, if return thereof be ordered, and for the payment to the said defendant of any sum that may from any cause be recovered against the said plaintiff."
The above quoted language is substantially the same as C.R.C.P. 104, which provides that in a replevin action to recover possession of personal property, on proper showing, an order of possession may be issued prior to hearing if the plaintiff files with the court a bond
"for the return of the property to the defendant, if return thereof be ordered, and for the payment to the defendant of any sum that may from any cause be recovered against the plaintiff."
Defendant claims that the phrase "from any cause" entitled him to recover against the bond for the judgment on his counterclaim. We do not agree.
A defendant in a replevin action under C.R.C.P. 104 is entitled to recover from the surety whatever damages he has incurred as a result of the seizing of property in his possession. Denver Truck Exchange, Inc. v. Globe Indemnity Co., 162 Colo. 398, 426 P.2d 772 (1967). However, where, as here, he has lost his lien and the owner becomes entitled to possession, he suffers no damages as a result of the replevin.
The purpose of a replevin bond is "to indemnify the defendant or person from whose custody the property is taken for such damages as he may sustain." Imel v. Van Deren, 8 Colo. 90, 5 P. 803 (1884). "The object of the bond required before the writ issues, is for protection of the defendant in the action." Greig v. Ware, 25 Colo. 184, 55 P. 163 (1898). C.R.C.P. 104(e) requires that in a replevin action there be a fund from which defendant may recover if *246 the court later finds that he was entitled to possession and to a return of the property. We hold that the language "any sum that may from any cause be recovered," viewed in context, does not apply to claims unrelated to possession or the loss thereof.
Judgment affirmed.
ENOCH and KELLY, JJ., concur.