**NEWPORT PACIFIC CAPITAL COMPANY, INC., a California corporation authorized to do business in California, d/b/a The Aspens, Plaintiff–Appellee,**

v.

**Michael WASTE, Defendant–Appellant.**

**No. 93CA0635.**

Colorado Court of Appeals, Div. I.

June 16, 1994.

**138**

Heckman & O'Connor, P.C., Brett Steven Heckman, Vail, for plaintiff-appellee.

Larsen & Kovacevich, P.C., Jill E. Kovacevich, Vail, for defendant-appellant.

Leslie J. Ranniger, amicus curiae.

Opinion by Judge ROY.

This is an unlawful detainer action commenced by the plaintiff, Newport Pacific Capital Company, Inc., against the defendant, Michael Waste, alleging violation of mobile home park rules. Waste appeals from an adverse judgment of the trial court finding that a rule prohibiting the rental of mobile home units or the subleasing of mobile home spaces was not unreasonable under § 38-12-203(1)(c), C.R.S. (1993 Cum.Supp.) and awarding Newport its attorney fees and costs. We remand for additional proceedings on the amount of attorney fees awarded to Newport.

Newport, a management company, operates a mobile home park near Vail, Colorado, known as "The Aspens." On July 21, 1992, pursuant to § 38-12-203(1)(c), Newport issued a rule that prohibited rental of mobile home units and the subleasing of spaces effective on October 1, 1992.

Newport did not enforce the rule against owners who had pre-existing subleases or who entered into new subleases before its effective date. Waste, however, re-rented his mobile home units after October 1, 1992. Newport served a notice to quit upon Waste on November 24, 1992, for failure to comply with the rule prohibiting rentals and then commenced this action.

Waste challenged the rule prohibiting rentals on the basis that it was prima facie unreasonable under § 38-12-203(1)(c). The trial court concluded that the rule was not "economically unreasonable" and entered judgment for Newport for possession of Waste's lot spaces and attorney fees and costs.

I.

Waste first contends the trial court erred in concluding that the rule promulgated by Newport was reasonable. We disagree.

■ Section 38-12-203(1)(c) establishes reasons for terminating a tenancy in a mobile home park and provides, in pertinent part, as follows:

> Failure of the home owner to comply with written rules and regulations of the mobile home park either established by the management in the rental agreement at the inception of the tenancy, ... or amended subsequently thereto without the consent of the home owner on sixty days' written notice if the amended rules and regulations are reasonable.... For purposes of this paragraph (c), when the mobile home is owned by a person other than the owner of the mobile home park, the mobile home is a separate unit of ownership, and regulations which are adopted subsequent to the unit location in the park without the consent of the home owner and which place restrictions or requirements on that separate unit are prima facie unreasonable.

This section creates a rebuttable presumption that a rule adopted subsequent to the inception of the tenancy without the consent of the home owner is unreasonable and the mobile home park owner or manager has the burden of overcoming that presumption.

Section 38–12–214(1), C.R.S. (1982 Repl. Vol. 16A) provides that rules and regulations issued by a mobile home park owner are enforceable against a resident only if:

(a) Their purpose is to promote the convenience, safety, or welfare of the home owners, protect and preserve the premises from abusive use, or make a fair distribution of services and facilities held out for the home owners generally;

(b) They are reasonably related to the purpose for which they are adopted;

(c) They are not retaliatory or discriminatory in nature;

(d) They are sufficiently explicit in prohibition, direction, or limitation of the home owner's conduct to fairly inform him of what he must or must not do to comply.

The court found and concluded that:

Plaintiff's amendments to its rules and regulations are in fact reasonable and based upon a reasonable classification and, specifically, that they do not violate C.R.S. 38–12–203(1)(c) and C.R.S. 38–12–214 and are not discriminatory. To the contrary, the Court specifically finds that the purpose of the rule was to promote the convenience, safety and welfare of the homeowners in the park.

The court also concluded that the rule was not economically unreasonable.

Waste, in essence, argues that the court's factual findings do not, as a matter of law, support its conclusion that the rule promulgated by Newport is reasonable. However, because Waste did not designate the transcript of the trial or the exhibits as part of the appellate record, we must presume that the evidence supports the findings of fact, and, absent a misapplication of the law, we may not disturb those findings. *Teets v. Richardson*, 131 Colo. 592, 284 P.2d 233 (1955); *White v. Jackson*, 41 Colo.App. 433, 586 P.2d 243 (1978).

In determining that the rule was reasonable, the court took into consideration not only the evidence presented but also the requirements of § 38–12–214. Therefore, based on the arguments presented, we are unable to conclude that the trial court erred as a matter of law in finding that the rule was reasonable.

## II.

Waste next contends that the rule promulgated by Newport is unreasonable because it violates due process and constitutes a denial of equal protection of the law. Waste argues that the trial court's action in upholding the rule was an unreasonable governmental interference with the use and enjoyment of his property. We conclude that Waste's argument is misconceived.

Due process and equal protection of the law apply to prevent the deprivation of "rights" by the state, but not, as here, to limit private conduct abridging individual rights. See *National Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 109 S.Ct. 454, 102 L.Ed.2d 469 (1988).

To the extent that Waste asserts that § 38–12–203(1)(c) is unconstitutional as applied, we conclude from the limited record on appeal that he failed properly to raise this argument in the trial court, and thus, we are precluded from addressing it on appeal. See *Estate of Stevenson v. Hollywood Bar & Cafe, Inc.*, 832 P.2d 718, 721, fn. 5 (Colo. 1992); *Bush v. Roche Constructors, Inc.*, 817 P.2d 608 (Colo.App.1991).

We also reject Waste's contention that the issue was raised in the trial briefs of both parties by the assertion that the *rule* places an "unreasonable restraint on alienation." That assertion did not, and could not be expected to, put the trial court on notice that he was challenging the constitutionality of the statute as applied.

## III.

Lastly, Waste contends that the trial court's award of attorney fees and costs is excessive and should be reduced. We remand for additional proceedings.

Both the Forcible Entry and Detainer Act and the Mobile Home Park Act permit the trial court to award attorney fees and costs. See § 13–40–123, C.R.S. (1987 Repl.Vol. 6A) and § 38–12–209(3), C.R.S. (1982 Repl.Vol. 16A).

■ The guiding principle with regard to attorney fees is one of reasonableness. *Hartman v. Freedman*, 197 Colo. 275, 591 P.2d 1318 (1979); *Law Offices of J.E. Losavio, Jr., v. Law Firm of Michael W. McDivitt, P.C.*, 865 P.2d 934 (Colo.App.1993). The determination of reasonableness is within the sound discretion of the trial court and will not be reversed unless it is patently erroneous and unsupported by the evidence. *Hartman v. Freedman, supra; Robinson v. Lynmar Racquet Club, Inc.*, 851 P.2d 274 (Colo. App.1993).

Here, the trial court, after reviewing briefs filed by both parties and apparently conducting a hearing regarding the amount of attorney fees and costs to be awarded, entered judgment for the full amount sought by Newport stating:

> The Court, having considered the factors presented at the hearing, the nature of this case, and the one-and-a-half-day trial orders that judgment for attorney fees and costs is awarded to the plaintiff against the defendant, in the amount of $9,671.35.

### A.

■ Waste argues that the trial court erred in not allocating the attorney fees between this case and a companion case against another tenant involving identical issues, which was to be tried simultaneously but settled just prior to trial. We agree that such an allocation should be made if practicable and remand for that purpose.

■ When there are multiple parties and an award of attorney fees is entered against only one of the parties, the trial court, to the extent practical, should apportion the fees so that only those fees incurred with regard to that party are awarded. *See Harrison v. Smith*, 821 P.2d 832 (Colo.App.1991) (award of attorney fees impermissibly included fees attributable to a prior litigation); *Bergeson v. Midway Development Co. No. 3*, 817 P.2d 606 (Colo.App.1991) (apportionment of attorney fees between claims).

In *American Water Development, Inc., v. City of Alamosa*, 874 P.2d 352 (Colo.1994), the supreme court considered an award of attorney fees that required allocation between claims where the dismissal of one claim without prejudice was conditioned on the plaintiff reimbursing the defendants for attorney fees incurred with respect to that claim. Because records on attorney fees had not been maintained by claim, the court approved the trial court's after-the-fact allocation of the fees based on estimates by defendants' counsel and the trial court's imposition of a ten percent discount on the total fees to avoid "overlap" between the claims.

Based upon the limited record on appeal relative to the attorney fee issue, we are unable to determine whether the trial court properly allocated, or could allocate, the award of attorney fees between the two actions. Therefore, we remand to the trial court for determination of what amount, if any, of the attorney fees awarded to Newport should be attributed to the dismissed action. On remand, upon presentation of appropriate evidence the trial court may employ the same rationale used in *Alamosa* in allocating attorney fees between the actions.

### B.

Waste also argues that the trial court erred by not reducing the attorney fees by the amount charged for secretarial time. We disagree.

Initially, we note that it is increasingly common for attorneys to bill separately for items that traditionally were included in the attorney fees. *See Missouri v. Jenkins*, 491 U.S. 274, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989); *Ramos v. Lamm*, 713 F.2d 546 (10th Cir.1983).

Numerous courts have allowed for the recovery of services of paralegals, law clerks, staff, and the costs of computerized legal research. *See* Tipton, *Economics of Tort and Insurance Law Practice: Recovering the Cost of Nonlawyer Personnel and Computerized Research*, 26 Tort & Ins.L.J. 219 (1990); Annotation, *Attorneys' Fees: Cost of Services Provided by Paralegals or the Like as Compensable Element of Award in State Court*, 73 A.L.R. 4th 938 (1989); Annotation, *Recoverability of Cost of Computerized Legal Research under 28 USCS § 1920 or Rule 54(d), Federal Rules of Civil Procedure*, 80

A.L.R.Fed. 168 (1986); *Jackson v. Law Firm of O'Hara, Ruberg, Osborne & Taylor,* 875 F.2d 1224 (6th Cir.1989) (paralegal; secretarial services); *Willamette Production Credit Ass'n v. Borg–Warner Acceptance Corp.,* 75 Or.App. 154, 706 P.2d 577 (1985) (secretarial; legal assistant time).

In *Willamette,* the Oregon Court of Appeals stated:

> In setting a reasonable attorney fee for the prevailing party, it is appropriate for the court to take into consideration the actual billing practices of the party's attorney. Traditionally, courts simply have determined fees based on the hourly charge for the attorney working on the case with the assumption that the hourly rate was set to recoup overhead and realize a profit. Modern electronic accounting methods allow a more specialized billing for attorney fees. Courts should recognize the reality of modern legal business practices and include expenses specially billed to the client in the attorney fees award when they are properly documented and are reasonable. We conclude that the charges to which defendant objected [secretarial and legal assistant time, photocopying charges, long distance telephone charges, and postage] are proper in addition to the amounts attributable to individual attorneys' hourly charges.

*Willamette Production Credit Ass'n v. Borg–Warner Acceptance Corp., supra,* 75 Or.App. at 159, 706 P.2d at 580.

██ In awarding attorney fees, the court must consider: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contin-

gent. Colorado Rules of Professional Conduct Rule 1.5; *Mau v. E.P.H. Corp.,* 638 P.2d 777, 779 (Colo.1981). The record reflects that plaintiff's counsel billed secretarial services separately and that the trial court considered the appropriate criteria.

██ If, as found here, the total fees and charges are reasonable after considering all of the above criteria, regardless of how billed or allocated between the attorney and any support services, then they are awardable. Therefore, we conclude the trial court did not err in awarding Newport the amount charged by its counsel for secretarial services.

Waste's additional contentions with respect to the award of attorney fees and costs are without merit.

. Therefore, the portion of the judgment awarding attorney fees is reversed, and the cause is remanded to the trial court for further proceedings with respect thereto in conformity with this opinion. The judgment is affirmed in all other respects.

METZGER and RULAND, JJ., concur.