UNITED AIRLINES, INC., a Delaware corporation authorized to transact business in the state of Colorado, Plaintiff–Appellee,

v.

CITY AND COUNTY OF DENVER, a home rule city and Colorado municipal corporation, and Cheryl D. Cohen, Manager of Revenue, City and County of Denver, Defendants–Appellants.

No. 96CA2263.

Colorado Court of Appeals,
Div. IV.

April 16, 1998.

Rehearing Denied June 4, 1998.

Certiorari Granted April 19, 1999.*

* Justice SCOTT and Justice RICE do not partici-   pate.

Brownstein Hyatt Farber Strickland, Hubert A. Farbes, Jr., Lynne M. Hufnagel, Denver, for Plaintiff–Appellee.

Daniel E. Muse, City Attorney, Maria Kayser, Robert F. Strenski, Assistant City Attorney, Denver, for Defendants–Appellants.

Opinion by Judge PLANK.

Defendants, the City and County of Denver and its Manager of Revenue (Manager) appeal the trial court's summary judgment entered in favor of plaintiff, United Air Lines, Inc. We reverse.

United, which conducts air carrier operations at Denver's airport and is thus subject to the provisions of the Denver Revised Municipal Code (code), was audited by the Manager for the period beginning January 1, 1991, through June 30, 1994.

During the audit period United had timely remitted required tax returns, but the Manager determined that United had underpaid sales, use, and occupational privilege taxes.

On December 8, 1995, the Manager sent to United three "Notice[s] of Final Determination, Assessment and Demand for Payment," one for each type of tax, plus penalty and interest, for a total amount of $3,368,459.64. United received the notices on December 12, 1995.

United was advised that interest was accruing on the tax amounts shown in the notices and that Denver would commence collection procedures, which include seizure of property, upon United's failure to pay such taxes when due.

On January 19, 1996, United paid the assessments and indicated that such payment was made "under protest." On February 7, 1996, United sent to the Manager a claim for refund of $1,084,516, the amount United claimed it had overpaid for sales and use taxes. United claimed specific exemptions from such taxes, but did not dispute the occupational privilege tax.

On February 9, 1996, the Manager denied the refund request because United had failed to protest the results of the audit within 20 days of the demand notice. United was informed that the "assessment" resulting from that audit was deemed final.

On February 26, 1996, United protested the denial of its claim for refund. On March 29, 1996, the Manager informed United that the code did not allow for a hearing because United had effectively exhausted its rights under the code to contest the "assessment." United was informed that the Manager considered the matter to be closed. No action was taken in response to United's subsequent request for review.

On April 26, 1996, United filed a complaint in district court requesting declaratory relief and review of the denial of its claim for refund. Defendants filed a motion to dismiss, which the parties agreed would be considered a motion for summary judgment.

United filed a cross-motion for summary judgment, which was granted. The trial court found that United had properly filed a refund claim and had established its entitlement to a refund from defendants in the amount of $1,084,516. Defendants were also ordered to pay costs and interest to United. This appeal followed.

## I.

■ Defendants first contend that the trial court lacked jurisdiction because United failed to exhaust its administrative remedies by not filing a timely protest of the tax assessment. We disagree.

■ The failure to exhaust administrative remedies prior to seeking judicial relief is a jurisdictional defect. This is especially true in cases involving tax matters. If there are complete, adequate, and speedy administrative remedies available for alleged tax irregularities, a taxpayer must exhaust them. *Hoffman v. Colorado State Board of Assessment Appeals,* 683 P.2d 783 (Colo.1984).

■ However, although the failure to exhaust administrative remedies can in many cases deprive courts of jurisdiction to grant relief, *Gramiger v. Crowley,* 660 P.2d 1279

(Colo.1983), the exhaustion doctrine is not an absolute bar. *Patel v. Thomas,* 793 P.2d 632 (Colo.App.1990).

Here, determining whether United had exhausted its administrative remedies requires interpretation of the code's differing procedures and time limitations for auditing, refunding, and assessing sales and use taxes.

Businesses operating within Denver are responsible for collecting and remitting sales and use taxes. Denver Revised Municipal Code 53–25 & 53–96. Certain sales are exempt from such taxes. Denver Revised Municipal Code 53–26 & 53–97.

Pursuant to the code's audit procedures, the Manager must examine a return for correctness as soon as practicable after it is filed. If it then appears that the correct amount of tax to be remitted is greater or less than that shown in the return, the tax must be recomputed. If the amount paid is less than the amount due, the difference must be paid "within twenty (20) days after written notice and demand for payment from the Manager." Thereafter, applications for refunds must be made in accordance with specified refund procedures. Denver Revised Municipal Code 53–45 & 53–113.

A refund must be made to purchasers having exemptions as provided for in the code. The term "purchaser" is not defined in the code's sales tax section, but is defined in the code's use tax section as "any person to whom a taxable service has been rendered or who shall have purchased or hired at retail tangible personal property." Denver Revised Municipal Code 53–24 & 53–95(18).

Applications for refund must be made "within sixty (60) days after the purchase of the goods or the performance of the services on which [an] exemption is claimed." The Manager must examine the refund application and give notice to the applicant by an order in writing of the decision thereon. An aggrieved applicant may, within 20 days after that decision is mailed, petition the Manager for a hearing on the claim. Denver Revised Municipal Code 53–43 and 53–111.

Pursuant to the code's assessment procedures, if no return is filed, the Manager must estimate the amount of taxes due and notify

the delinquent taxpayer in writing. Such estimated amount thereupon becomes an assessment, which becomes final and due and payable 20 days from either the date of personal service of the notice and demand or the date of mailing of the notice and demand.

■ Within that 20–day period, the delinquent taxpayer may petition in writing for revision, modification, or cancellation of assessments of estimated taxes. Denver Revised Municipal Code 53–49 & 53–117. If a taxpayer fails to protest an assessment of estimated taxes within that 20–day period, such assessment becomes final and is not reviewable by either the Manager or the courts. *American Drug Store, Inc. v. City & County of Denver*, 831 P.2d 465 (Colo.1992).

The Manager must notify in writing the petitioning taxpayer claiming an error in assessment or claiming refund of the time and place fixed for hearing at least thirty days prior thereto. Denver Revised Municipal Code 53–50 & 53–118.

■ Interpretation or construction of a statute is a question of law. *See Stephen v. City & County of Denver*, 659 P.2d 666 (Colo. 1983). Courts are to interpret words and phrases of the statute according to the context and the plain and ordinary meaning of the language used. *Griffin v. S.W. Devanney & Co.*, 775 P.2d 555 (Colo.1989). Any construction which leads to an absurd result will not be followed. *Dye Construction Co. v. Dolan*, 41 Colo.App. 293, 589 P.2d 497 (1978).

■ These principles are equally applicable in the interpretation or construction of municipal ordinances. *American Respiratory Care Services v. Manager of Revenue*, 835 P.2d 623 (Colo.App.1992). Thus, we apply such principles when interpreting the applicable provisions of the code.

It is undisputed that United did not protest the results of the audit within the 20–day period prescribed by the code for protesting the assessment of estimated taxes. However, unlike the petitioning taxpayer in *American Drug Store, Inc., supra,* who was assessed estimated taxes after failing to file a return, United filed timely returns, paid additional taxes imposed as a result of an audit, and thereafter applied for a refund.

Defendants claim that the code's refund provisions apply only to taxes which are disputed by a purchaser at the time of purchase and thus cannot be used to circumvent the requirement that protests to assessments be made within 20 days of the date the notice of assessment is mailed. Alternatively, defendants claim that United did not comply with the code's refund provisions because its application was not delivered to the Manager until February 7, 1996, 61 days after the notices were mailed, and because United did not, as required by the code, include invoices or affidavits pertaining to its claimed exemptions.

United claims that the 20–day requirement applies only to assessments that result from estimated taxes where no return is filed, not to assessments that result from audits of filed returns. United urges this court to affirm the ruling of the district court by construing the refund provisions so as to allow refund claims within 60 days from the date a taxpayer receives notice of the audited amount, or 60 days from the date the taxpayer pays the audited amount. Alternatively, United argues that no time limitation should apply to refund claims for taxes paid after audit which are based upon exempt property or services.

The notices sent to United stated that the amounts "shall be final and due and payable 20 days from the date of mailing" the notice "unless within said 20 day period you [United] petition the Manager of Revenue for review. . . ." Enclosed was a document entitled "Petition Options," which stated that "[I]f you [United] petition the Manager of Revenue within the twenty-day period, a hearing will be held in accordance with the aforesaid Rules. . . ."

However, the notices specified that the basis for the "assessment" was "[a]udit of taxpayer's records." Thus, the code's audit provisions for "[e]xamination of returns; refunds, credits and deficiencies" apply, and additional taxes imposed as a result of such an examination must be paid within 20 days after written notice and demand for payment

from the Manager. Denver Revised Municipal Code 53–45(c) & 53–113(c).

Unlike the code's separate provisions for assessing estimated taxes, the code's audit provisions for examining returns do not specify that additional taxes become an "assessment," do not require that written petitions for revisions, modification, or cancellation of such assessments be made within 20 days, and do not mandate compliance with regulations "relating to petitions and hearings." Thus, under the code, the Manager's use of the word "assessment" to describe taxes imposed after an examination of a timely filed return is a misnomer that does not inject the 20–day limitation imposed by the code's estimated tax provisions. *See* Denver Revised Municipal Code 53–49 & 53–117. Instead, the examination procedures require that applications for refund be made in accordance with the code's refund procedures.

Hence, contrary to defendants' arguments, we agree with the trial court that the code's refund provisions control and that United effectively complied with such provisions.

United's refund application was submitted on the Manager's "Claim for Refund" forms and included the signature of United's representative which certified, under penalty of perjury, "that the statements made herein are true and correct to the best of my knowledge." Attached was an outline of the reasons for United's refund claim and a statement that voluminous supporting documentation could be reviewed at the offices of United's attorneys. The record indicates that such documentation was identical to that made available to and relied upon by defendants when auditing United's returns. Thus, it was unnecessary for United to resubmit such documentation in support of its refund claim. *See Denver Truck Exchange, Inc. v. Globe Indemnity Co.,* 162 Colo. 398, 426 P.2d 772 (1967) (the law does not require the doing of a useless act).

■ Further, because the additional taxes were imposed by the Manager for transactions occurring during an audit period that ended in 1994, it was impossible for United to comply with the 60–day time limitation imposed by the refund procedures. United did not receive notice of such taxes until receipt of the demand letter on December 12, 1995. The code cannot be construed to require audited taxpayers to apply for refunds of taxes prior to receiving notice that such taxes are due. *See American Respiratory Care Services v. Manager of Revenue, supra* (any construction which leads to an absurd result will not be followed).

■ Thus, we construe the code to provide that taxpayers who have timely filed returns and paid additional taxes resulting from the Manager's examination of such returns may apply for a refund within 60 days of receiving notice that such additional taxes are due.

Here, United timely filed its returns, paid the additional taxes imposed after examination of such returns, applied for a refund within 60 days of receiving notice of the examination, and, within 20 days after the Manager's decision was mailed, petitioned for a hearing on the claim. Under such circumstances, we agree with the trial court that United effectively complied with the code's refund procedures and exhausted its administrative remedies when doing so. Thus, we conclude that this matter was properly before the trial court for its review.

## II.

■ Defendants also contend that the district court erred by granting United's motion for summary judgment regarding United's entitlement to a tax refund. We agree.

Summary judgment is a drastic remedy that is warranted only on a clear showing that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. C.R.C.P. 56; *Greenberg v. Perkins,* 845 P.2d 530 (Colo.1993).

The party moving for summary judgment bears the burden of establishing the lack of a triable factual issue, and if there are any doubts as to the existence of such an issue, they must be resolved against that party. *Greenberg v. Perkins, supra.*

The party opposing summary judgment is entitled to the benefit of all favorable inferences that may be drawn from the facts

contained in the record. *Churchey v. Adolph Coors Co.,* 759 P.2d 1336 (Colo.1988).

■ Appellate review of a judgment granting a motion for summary judgment is *de novo. Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Board,* 901 P.2d 1251 (Colo.1995). Hence, we are not bound by the trial court's conclusions as to United's entitlement to a refund.

The Manager has initial jurisdiction over refund requests and must notify in writing petitioning taxpayers claiming refund of the time and place fixed for hearing. After such hearing, at which the Manager is authorized to administer oaths and take evidence and hear argument, the Manager must enter findings and make such order in the matter as is proper. Denver Revised Municipal Code 53–50 & 53–118. However, the Manager did not hold a hearing to determine the merits of United's refund claim because it was deemed to be untimely.

Decisions of the Manager are final upon their entry. Denver Revised Municipal Code 53–55 & 53–123. A taxpayer aggrieved by the final decision of the Manager may, within 30 days of entry of that decision, petition for review by the district court for the second judicial district. Denver Revised Municipal Code 53–56 & 53–124. Here, United timely petitioned for judicial review of the Manager's decision that agency review was not available.

Upon judicial review of the Manager's decision, defendants conceded to the district court that there were no material facts in dispute as to the jurisdictional issue only. Both parties requested the trial court to remand the case to the Manager if it determined that the Manager had jurisdiction to consider the claim for refund.

However, after determining that United had properly complied with the refund provisions of the code, the trial court proceeded to determine the merits of United's refund claim. The trial court found that defendants "failed to demonstrate that any issue of material fact exists with respect to the amount of refund entitlement claimed by [United]."

Contrary to the trial court's findings, our review of the record indicates the presence of material issues of fact as to the Manager's assessment after audit, the amount of additional sales and use taxes assessed, United's entitlement to a refund based on exemptions provided for in the code, and the amount of that refund, if any.

Thus, we agree with defendants that the trial court erred in granting summary judgment as to this issue. Hence, that judgment cannot stand, and the cause must be remanded to the trial court with directions to order the Manager to conduct a hearing to determine the merits of United's refund claim. *See Wilder v. Prokop,* 846 F.2d 613 (10th Cir.1988) (upon a finding that an administrative agency has improperly declined jurisdiction, the reviewing court should, in the absence of special circumstances, remand the case to the agency for a hearing on the merits).

■ In light of our conclusions as to the previous issues, we agree with defendants' final contention that the district court improperly awarded pre- and post-judgment interest.

The summary judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

Judge NEY and Judge RULAND concur.